THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. C. E. WILSON, *as Treasurer of Hodgeman County, et al.*

SCHOOL DISTRICT — *Organization, When Not to be Questioned.* Where a school district has been organized under a valid law, and is in the exercise of corporate powers, the validity of its organization cannot be questioned at the suit of a private party, nor in a collateral action, and therefore a proceeding by a tax-payer to restrain the collection of a tax voted by a school district which has at least a *de facto* existence, cannot be maintained when the only objection to the tax is that the action of the county superintendent in organizing the district and fixing its limits was illegal.

*Error from Hodgeman District Court.*

ACTION brought by *The Atchison, Topeka & Santa Fé Railroad Company* against *C. E. Wilson*, county treasurer of Hodgeman county, and School District No. 19, of that county, to restrain the collection of certain taxes levied for school purposes, and which are alleged to be illegal.

The plaintiff in its petition averred:

"That it is a corporation duly organized and existing under

and by virtue of the laws of the state of Kansas; and for cause of action against the defendant, says:

"That the defendant, C. E. Wilson, is the duly qualified and acting treasurer of Hodgeman county, Kansas, and. that the defendant school district number nineteen, Hodgeman county, Kansas, is a municipal corporation in said county and state aforesaid. The plaintiff represents that it, as such railroad corporation, is now, and has been for more than two years last past, the owner of certain real estate in Hodgeman county, Kansas; that the land so owned by this plaintiff is the odd-numbered and alternate sections of land in the south part of Hodgeman county aforesaid. Plaintiff, further complaining, says, that in April, 1882, or soon thereafter, the defendant school district number nineteen, of said Hodgeman county, Kansas, was laid out and designated in said county with boundaries embracing nearly if not quite one-third of the territory of said Hodgeman county; said district being twenty-four miles in length and from six to twelve miles in width, and including within its boundaries the land of this plaintiff as set forth and described in 'Exhibit A,' hereto attached and made part hereof; that the total population within said school district to be benefited by the organization thereof, live and reside within an area of four miles in any given direction from the town of Jetmore in said school district, at which place the said school district has located its school-house site and maintained its school, and at no other place in said school district is there a site located or a school maintained; that the inhabitants that live and reside outside of said last-mentioned area in said school district, if any there was and is, could in no wise be benefited by said organization of the said school district, defendant, for that they would live and reside at a distance too remote from the said town of Jetmore, where the said school of the said district, defendant, is kept and maintained, for them to avail themselves of the same for school purposes.

"Plaintiff says that none of the plaintiff's lands herein described are within less than five miles of the said town of Jetmore, and the place where the only school is kept in said district, and the means and mode of transportation from plaintiff's lands to said town of Jetmore are the ancient and ordinary means, to wit, on horseback if fortunate enough to own a horse, or mule, and by wagon if fortunate enough to own horse, mule, or wagon—otherwise on foot; and therefore plaintiff avers that it can receive no benefit from said school-district organization whatever; that said school district num-

ber nineteen, defendant, did, during said year 1882, levy upon the assessed valuation of the property of plaintiff, to wit, the lands above described, valued at and assessed at —— dollars, the following sums, to wit:

| | |
|---|---|
| For building purposes, 10 mills...................... | $298.77 |
| For teachers' wages, 5 mills........................... | 149.38 |
| For library fund, ½ mill................................. | 14.98 |

And that said amounts and levy were duly placed upon the tax-rolls of Hodgeman county for the year 1882, and became a charge against the property of this plaintiff.

"Plaintiff further says, that by reason of the foregoing, the said taxes are wholly illegal and void; that the said defendant, C. E. Wilson, as such county treasurer, is about to and will advertise the lands of this plaintiff and sell the same, unless restrained by order of the court.

"Wherefore, plaintiff prays that an order issue temporarily restraining the said defendant from performing any of the said acts complained of, and that on the final hearing of this cause said taxes may be adjudged wholly illegal and void, and the said defendants, C. E. Wilson, treasurer as aforesaid, and his successors in office, be restrained perpetually from collecting or attempting to collect any of said tax, and that the defendant school district number nineteen, Hodgeman county, Kansas, be perpetually restrained from hereafter levying any tax upon the property of the defendant herein described, for school purposes and for costs."

Upon application of the plaintiff, a temporary injunction was granted by the judge of the district court. Afterward the defendants demurred to the petition of plaintiff, upon the following grounds:

"1. That the petition of said plaintiff does not state facts sufficient to constitute a cause of action against said defendants.

"2. That the plaintiff herein has not the legal capacity to sue, in that this injunction attacks the organization of school district number nineteen in a collateral way.

"3. That there is a defect of parties plaintiff, in that to affect the organization of a municipal corporation of school district number nineteen, the state of Kansas must be the plaintiff."

At the April Term, 1884, the case was tried upon the demurrer of the defendants. The court sustained the demurrer,

15 — 33 KAS.

and dissolved the temporary injunction theretofore granted; and the plaintiff electing to stand upon the demurrer, judgment was rendered against it for costs. These rulings are assigned as error.

*A. A. Hurd, M. W. Sutton,* and *Robert Dunlap,* for plaintiff in error; *Geo. W. McCrary,* general counsel.

*W. S. Kenyon,* and *T. S. Haun,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff by this proceeding seeks to enjoin the collection of certain taxes levied for school purposes by School District No. 19, Hodgeman county, upon the lands of the plaintiff, situate within that district. This is the declared purpose of the proceeding, but if it can be maintained, it goes much farther, and is more serious and important than to merely defeat the collection of the taxes charged against plaintiff's land. The objection to the tax is not that the rate is excessive or unequal, nor that the purpose for which it was levied was illegal, nor is it claimed that there were any irregularities in the manner of imposing it, but it really goes to the power of the district to levy any tax for school purposes, because of illegality in its organization. The complaint of plaintiff is that the authorities, in organizing the district, established the boundaries so as to embrace an unusual and unreasonable extent of territory, some of which must necessarily be and is very remote from the school house of the district. It will thus be seen that the plaintiff seeks to obtain a determination of the validity of the organization of the district, and is really assailing its corporate existence in an injunction proceeding.

Legislative authority to create and change school districts is given in the following language:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts, and to change such districts when the interests of the inhabitants thereof require it, but only after twenty days' notice thereof, by written notices posted in at least five public places in the district to be changed; but no new school

district shall be formed containing less than fifteen persons of
school age, no district shall be so changed as to reduce its school
population to less than fifteen, and none having a bonded in-
debtedness shall be so reduced in territory that such indebted-
ness shall exceed five per cent. of their assessed property
valuation." (Laws of 1881, ch. 152, § 12.)

In this statute there are limitations upon the power of the
county superintendent to create and change school districts,
but there is no restriction as to the extent of territory that may
be included within the district at the time of its organization,
except that which is indirectly imposed in the provisions pro-
hibiting the creation of a new school district containing less
than fifteen persons of school age. The legislature wisely left
to the discretion and judgment of the county superintendent,
the question of boundaries and extent of territory of school
districts. In sparsely-settled portions of the state the districts
will be necessarily larger than where the population is more
dense. Of course he should keep in view the beneficial pur-
pose of the statute, and organize the districts so as to promote
that purpose, and to fix the limits to suit the convenience of
the inhabitants, and change them "whenever the interests of
the inhabitants thereof require it." If the county superintend-
ent abuses the power given him, and establishes boundaries
without regard to public convenience, and to the rights and
interests of those within the limits of the district, and to be
affected by its organization, a remedy is given by appeal to
the board of county commissioners. Here then is a general
statute furnishing ample authority for the creation of the de-
fendant district; and the petition of plaintiff discloses that
School District No. 19, Hodgeman county, was organized in
April, 1882, and since that time has elected officers, located a
school-house site, levied and collected taxes, maintained a
school, and is in the full exercise of corporate power. Beyond
question, then, the corporation has a *de facto* existence, and it
may be that it was a *de jure* corporation; but whether it was
regularly and legally organized, we do not, nor can we decide
in this action. To maintain this suit, and to defeat the tax

complained of, the plaintiff must establish, and the court must determine, that the organization of the district is illegal. This cannot be done in the present action. The legality of the organization cannot be questioned in a collateral proceeding, nor at the suit of a private party. The organization cannot be attacked, nor any action taken affecting the existence of the corporation, except in a direct proceeding prosecuted at the instance of the state by the proper public officer. (*Voss v. School District,* 18 Kas. 467; *School District v. The State,* 29 id. 57; *Stockle v. Silsbee,* 41 Mich. 615; *Clement v. Everest,* 29 id. 22.) In the case last cited it is said that —

"It would be dangerous and wrong to permit the existence of municipalities to depend on the result of private litigation. Irregularities are common and unavoidable in the organization of such bodies, and both law and policy require that they shall not be disturbed except by some direct process authorized by law, and then only for very grave reasons."

We do not intend to decide that in organizing this district the county superintendent's action was regular and legal. It is difficult to understand what considerations led him to include within the district such a scope of territory as appears by plaintiff's petition to have been done. It may have been necessary in order to obtain the school population required by statute; or perhaps it was deemed essential to extend the limits so as to secure sufficient taxable property, which, under the limitations imposed by law in levying school taxes, would produce a fund adequate to provide suitable school facilities and maintain an efficient school; or possibly it was within the intention of the authorities to establish several schools within the district, though the plaintiff alleges that but one school site has been established, and but one school maintained. Whether these reasons, or any of them, moved the county superintendent to organize the district with so great an area, we cannot know; and whether they would be legally sufficient, we cannot determine in this proceeding.

What we do decide is, that there exists a valid law under which the organization can be made; that a corporation has

been created thereunder, and is in existence; and that if there were any irregularities or illegal action in its organization, either by reason of the boundaries established or otherwise, that it must be determined by a *quo warranto* proceeding brought by the state.

The judgment of the district court will be affirmed.

All the Justices concurring.