No. 21,912.

DRAINAGE DISTRICT NUMBER THREE OF SEDGWICK COUNTY, *Appellant,* v. THE RIVERSIDE DRAINAGE DISTRICT OF SEDGWICK COUNTY et al., *Appellees.*

SYLLABUS BY THE COURT.

1. DRAINAGE DISTRICT—*Authority to Change Watercourses—Contracts with Landowners Outside District.* Under the drainage act, Laws of 1905, chapter 215, it is competent for the directors of a drainage district to change the channels of watercourses and relocate and establish new ones, and to that end they may make contracts with landowners outside of the district, and the judgment and discretion so vested may be exercised by them without interference or control by the courts, unless fraud or bad faith enters into their action.

2. SAME—*No Implication of Bad Faith.* The fact that the directors may have had a wrong conception of their duties or have taken some illegal steps in the performance of their duties, does not necessarily imply bad faith nor that their conduct was so arbitrary, capricious and unreasonable as to indicate an abuse of the power conferred.

3. SAME—*Flooding Lands—Injury to Property in New Drainage District—Party Plaintiff in Injunction Suit.* An action to enjoin the maintenance of a system of drainage that has been established by an organized district, upon the ground that it results in flooding, injury and loss to the lands of owners in a newly created district, and to the roads and bridges therein, cannot be maintained at the suit of the new district, but must be brought in the name of the state, at the instance of the attorney-general or the county attorney.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed February 8, 1919. Affirmed.

*R. S. Elder, John Adams, George McGill,* and *I. H. Stearns,* all of Wichita, for the appellant.

*Thomas C. Wilson, Jean Madalene,* and *Charles E. Hudson,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action drainage district number three of Sedgwick county asks for a mandatory injunction against the Riverside district of the same county, and its directors in their official capacity; and two landowners are also named as defendants. A demurrer to plaintiff's petition was sustained, and from that decision plaintiff appeals.

It was alleged that plaintiff was organized as a district on November 16, 1915, under chapter 168 of the Laws of 1911, and that prior to that time the officers of the defendant district had changed the course of Big Slough creek into and through territory which was subsequently incorporated and is now a part of the plaintiff district, by ditches and embankments carrying the water back into the old channel of the creek into defendant district, and that this was unlawful and wrongfully done. It was averred that this diversion of the water had resulted in damage to the plaintiff district, flooding and injuring lands and crops therein, and washing out roads and bridges, for which damage no compensation had been paid. There is a further allegation that in order for plaintiff to establish a comprehensive and effective system of drainage, it is necessary that the nuisance created by the defendant be abated; that the plaintiff has no adequate remedy at law; and that by abatement the plaintiff can protect itself and the general public in the matter of drainage. The demurrer to the petition was rightly sustained. It appears that the defendant was organized under chapter 215 of the Laws of 1905, that it made surveys, established a system, and made improvements long before the creation of the plaintiff district, which it seems has made no surveys nor established a drainage system within its own district. The principal grounds upon which an injunction against defendant is sought, are that defendant has changed the channel of a watercourse, and has done it by digging ditches and by the building of embankments, and that it has gone outside of the boundaries of its district in doing so. The statute under which

the defendant was organized and is operating specifically authorizes it to alter, change or abandon the channel of any watercourse in its district and to relocate and establish a new one for such watercourse. (Laws 1905, ch. 215, §§ 7-20.) To accomplish the purpose, its authority and operations are not confined to the district, as it is authorized to contract with individuals and private corporations owning lands outside of the district. (Id. § 7, subdiv. 14.) The defendant, therefore, had a right to relocate the channel of the creek, to make dikes and ditches, and to drain the land and dispose of the water in the way which the directors in their judgment might deem best, and to that end they could make contracts with landowners outside of the boundaries of the district. The directors of the district being invested with the discretion, judgment and authority as to the best means of accomplishing the purpose, may exercise such discretion, judgment and authority without interference or control by the courts, unless bad faith or fraud enters into their action. (*City of Emporia v. Railway Co.*, 88 Kan. 611, 129 Pac. 161; *Marts v. Freeman*, 91 Kan. 106, 136 Pac. 943; *Photo Play Corporation v. Board of Review*, 102 Kan. 356, 169 Pac. 1134.) While plaintiff alleges that defendants have acted unlawfully and wrongfully, there is no charge of fraud or bad faith on the part of the directors. Mere mistakes if any were made by them, in plan or construction, would not justify interference of the court or the substitution of its judgment for that of the directors. The fact that they may have had a wrong conception of their duties or have taken some illegal steps in their performance does not imply fraud or bad faith, nor conduct so arbitrary, capricious and unreasonable as to indicate an abuse of the power conferred upon them. The absence of a charge of bad faith is sufficient ground for holding the petition to be insufficient.

Another ground for sustaining the demurrer is that the plaintiff was not justified in demanding the relief sought. It is seeking to enjoin the flooding and injuring of property, not of the plaintiff itself, but of the general public, within the district. That which they ask to have removed is in the nature of a public nuisance. It does not allege that it is the owner of any property that has been injured, and if it be granted that the dikes and ditches made by the defendant are causing a pub-

lic nuisance, it still fails to allege or show that the plaintiff or any landowner of the district suffers a loss or injury peculiar to them and differing in kind from that sustained by the general public. In such a case, the action should be brought in the name of the state, by the county attorney, or the attorney-general. (*School District v. Neil,* 36 Kan. 617, 14 Pac. 253; *Jones v. Chanute,* 63 Kan. 243, 65 Pac. 243.) The view taken makes it unnecessary to consider the question presented on the cross appeal, relating to the failure of the trial court to enforce its order requiring a more definite statement of the facts mentioned in the petition.

The judgment is affirmed.