Bealmear v. Hildebrand.

No. 22,968.

HAYS BEALMEAR et al., *Appellants,* V. EMMA HILDEBRAND, as County Superintendent of Public Instruction of Gray County, *Appellee.*

### SYLLABUS BY THE COURT.

INJUNCTION—*Election of Rural High-school Officers—Questioning Legality of Organization of District—Parties Plaintiff.* Private persons have no standing to question the legality of the organization of a rural high-school district, by an action to enjoin election of rural high-school district officers.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed July 10, 1920. Affirmed.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellants.

*John M. Martin,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by taxpayers to enjoin the county superintendent from calling an election in a rural high-school district, to choose a board of officers. A demurrer to the petition was sustained, and the plaintiffs appeal.

The petition discloses that persons living at and near Ensign, in Gray county, close to the Ford county line, promoted organization of a rural high-school district composed of territory lying in both counties. A petition was circulated and signed before boundaries of the proposed district were approved by the county superintendent of Ford county. When the petition was presented to her, she declined to approve it. In order to save circulation of a new petition stating different boundaries, the promoters of the district and the county superintendent of Gray county made a proposition not to oppose segregation of part of the Ford county territory, and to recommend such segregation, after the district was formed and bonds voted, if the county superintendent of Ford county would approve. The proposition was accepted, reduced to writing, and signed, and the county superintendent of Ford county approved the bounda-

Bealmear v. Hildebrand.

ries of the proposed district as described in the petition. The writing reads as follows:

"Inasmuch as some opposition exists by certain parties within the east two tiers of sections of township 27, range 26, to being incorporated in the proposed Ensign rural high-school district, it is agreed by the county superintendents of Gray and Ford counties, and the promoters of said district, that in consideration of the approval of the county superintendent of Ford county of the boundaries in Ford county as stated in the petition presented for the proposed Ensign rural high-school district, the county superintendents and the promoters agree that after the district is formed and the bonds voted and sold, they will not oppose the segregation of the said east two tiers of sections in township 27, range 26, and the said county superintendents agree to indorse the segregation of said two tiers of sections.

"Done at Dodge City, Kansas, Feb. 7, 1920.

"Executed in duplicate.

"[Signed]          ESTHER M. WILKINSON,
                             *Co. Supt. of Ford Co.,*
                     EMMA HILDEBRAND,
                             *Co. Supt. of Gray Co.,*
                     C. M. BRATTON,
                     CHAS. E. STURDEVANT."

The petition charges fraud on the county superintendent of Ford county because there is no way to detach the Ford county sections, and alleges that because of the agreement some of the inhabitants desisted from efforts to defeat establishment of the district.

Section 1 of chapter 284 of the Laws of 1917 authorizes electors to form a rural high-school district whose boundaries have been approved by the county superintendents of each county in which a portion of the proposed district is situated. Section 2 provides as follows:

"Whenever a petition, signed by two-fifths of the legal electors residing in the territory of the proposed rural high-school district . . . shall be presented to the board of county commissioners of the county in which lies the greatest portion of territory comprising said district, reciting the boundaries of said proposed district and the approval thereof as provided in section 1 of this act, and requesting said board of county commissioners to call a special election to vote on establishing and locating a rural high school, . . . it shall be the duty of the board of county commissioners forthwith to call a special election in said proposed district to vote on establishing and locating a rural high school. . . ."

The statute further provides as follows:

"On the Friday following the election held as provided in sections 2

and 3 of this act the board of county commissioners shall canvass the vote and shall report the same to the county superintendent of public instruction. Upon receiving notice that a proposition to establish a rural high school has been adoped by a majority of those voting in an election held as provided in sections 2 and 3 of this act, the county superintendent of public instruction shall call a special meeting, notice of which shall'be given as provided in section 2, to elect a rural high-school board which shall consist of a director, clerk, and treasurer: . . ." (Gen. Stat. 1915, § 9350.)

Under this law a high-school district has been established. In calling the election to choose a district board, the defendant acts in a purely ministerial capacity to execute the command of the legislature. The proposition is that the plaintiffs may litigate with her the legal existence of the corporation. This court has uniformly held, under a great variety of circumstances, that this may not be done. (*A. T. & S. F. Rld. Co. v. Wilson, Treas.*, 33 Kan. 223, 6 Pac. 281, and cases cited in the opinion; *Topeka v. Dwyer,* 70 Kan. 244, 78 Pac. 417, and cases cited in the opinion; *Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010; *Miely v. Metzger,* 97 Kan. 804, 156 Pac. 753.)

The petition presents no facts which would authorize the court to depart from the established rule. No matter what moved the mind of the county superintendent of Ford county, she approved the boundaries of the proposed district. There came to the board of county commissioners a petition signed by the proper number of electors, and approval of boundaries by the county superintendents of both counties. If approval of boundaries followed instead of preceded signing of the petition, the proceeding was irregular merely, and not void, and the board of county commissioners was authorized to call the election and declare the result. Whatever it was that influenced or did not influence the minds of the voters, the result of the election was favorable to the establishment of the district, and that ends the matter, unless the state should choose to interfere. Besides what has been said, it is clear the plaintiffs are not entitled to the relief prayed for because of the rule forbidding injunction against calling or holding an election (*Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235).

The judgment of the district court is affirmed.