Elting v. Clouston.

---

No. 24,591.

J. H. ELTING et al., *Appellants,* v. ED CLOUSTON et al., *Appellees.*

SYLLABUS BY THE COURT.

INJUNCTION—*Private Citizens Without Standing to Question Legality of Proceedings to Organize High-school District.* Rule followed that private persons have no standing to question the legality of proceedings to organize a rural high-school district, nor to enjoin public officials from canvassing the votes cast at an election held pursuant thereto.

Appeal from Ness district court; ROSCOE H. WILSON, judge. Opinion filed July 7, 1923. Affirmed.

*W. H. Russell,* of La Crosse, for the appellants.
*Lorin T. Peters,* of Ness City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This action was brought by two private citizens against the board of county commissioners of Ness county to restrain the latter from canvassing and declaring the result of a rural high-school election, and "for all other equitable relief."

Plantiffs grounded their action on two alleged facts:

(1) That the election complained of was held within two years after a similar proposition had been submitted at an election and had been defeated, and (2) that the first of the three requisite weekly publication notices of the election was so imperfect in its description of the territory proposed to be organized as to be altogether void.

The litigants filed an agreed statement of facts, in which the interest of plaintiffs was set forth:

"Plaintiffs reside as follows: J. H. Elting on NE ¼ 29-17-26; J. O. Davis NE ¼ 31-17-26 [within the proposed district], and both voted at said election."

The trial court dissolved a temporary restraining order which had been issued by the probate judge, and refused a temporary injunction.

Plaintiffs appeal.

It will be noted that the action was essentially one of public concern. The relief sought was that the county commissioners be restrained from canvassing the votes and declaring the results because of the irregularities and defects narrated above.

These were matters which private litigants cannot raise. Only the state itself, through its duly authorized official counsel, may do so. All this has been explained so often that repetition is needless. See *Miely v. Metzger,* 97 Kan. 804, 156 Pac. 753; *Bealmear v. Hildebrand,* 107 Kan. 419, 191 Pac. 263; *Oil & Gas Co. v. Board of Education,* 112 Kan. 737, 212 Pac. 900, and cases there cited.

Affirmed.