No. 24,712.

MICHAEL J. PFEIFER, *Appellant,* v. GUS J. KLUG, as County Treasurer of the County of Ellis, *Appellee.*

No. 24,713.

JOHN J. PFEIFER, *Appellant,* v. GUS J. KLUG, as County Treasurer of the County of Ellis, *Appellee.*

SYLLABUS BY THE COURT.

INJUNCTION—*Taxation—Private Parties May Not Question the Legality of the Organization of a Municipality.* Rule followed that a private litigant cannot maintain an action to enjoin the collection of taxes on his property when the only alleged invalidity of the taxes depends upon a collateral question which would involve a judicial inquiry into the legality of the organization of the taxing district or municipality which levied the taxes.

Appeals from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed October 6, 1923. Affirmed.

*J. P. Shutts,* of Hays, for the appellants.

*C. M. Holmquist,* and *A. D. Gilkeson,* both of Hays, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   The plaintiff brought this action to enjoin the county treasurer from collecting taxes levied by the city of Victoria on his real property, some 25 acres of land, on the alleged ground that it was not and never had been legally a part of that city.

The defendant's demurrer to plaintiff's petition was sustained, and he appeals.

In his brief he says:

"In order that there may be a clear understanding of the facts involved in this suit, counsel will go a little out of the record, and state, that several months before this action was commenced, the city of Victoria, Kansas, through its mayor and council, passed an ordinance attempting to make the same a part of the city of Victoria. The action of the mayor and council had been certified to the county clerk, the land of the plaintiff as described in the ordinance and the amount of city tax to be collected by the city was caused to be entered on the tax roll, and the defendant county treasurer was attempting to collect the tax in favor of the city, as well as other taxes about which there was no objection on the part of the plaintiff, at the time this action was commenced."

This statement makes it perfectly clear that the validity or invalidity of the taxes depends upon the collateral question of the corporate integrity of the city of Victoria, and that is a question which, under repeated decisions as well as upon the soundest rules of public policy, a private litigant is not permitted to raise. The administration of law and government would be hopelessly entangled and delayed if a private citizen at his own pleasure or caprice could halt their orderly processes by questioning whether the school district, the township, the city, or the county had been lawfully organized, or whether the sheriff who served him with process, the assessor who valued his property, the council or board which levied the taxes, or the treasurer who sought to collect them, had good title to their offices and had been properly inducted therein. Such futile, collateral questions would not necessarily stop even there. There might be a challenge of the right of the judge who

tried the case to hold his office, or of the judicial powers of this court to review the judgment. All this has been explained many times, and it is but briefly repeated here because apparently there is need of it.

In *Oil & Gas Co. v. Board of Education*, 112 Kan. 737, 212 Pac. 900, this court said that the cities of this state, "would stand in a very precarious position, if every complaining taxpayer might attack its existence"; and a question whether a tract of land is lawfully within the corporate limits of a city and consequently subject to city taxes is in effect an attack upon the corporate integrity of the municipality. See, also, *Voss v. School District*, 18 Kan. 467; *A. T. & S. F. Rld. Co. v. Wilson, Treas.*, 33 Kan. 223, 6 Pac. 281; *Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 417; *Schur v. School District*, 112 Kan. 421, 210 Pac. 1105; *Elting v. Clouston*, ante, p. 85, 217 Pac. 295.

Counsel cite section 1 of chapter 247 of the Laws of 1917, as authorizing this action. Not so. That act authorizes private taxpayers to make direct attacks on illegal levies, etc., but does not permit them to challenge the validity of collateral matters such as the legality of the organization of the taxing district or municipality which levied the taxes. If the incorporation of the city of Victoria is legal, as must be assumed until the state itself successfully disputes its validity in a proper action, the city taxes levied on plaintiff's property are also legal. There is no contention that the city did not have statutory authority to levy taxes. If the city had levied 10 mills on the dollar and the county treasurer was attempting to collect 12 mills or 15 mills, or if the statute limited the city levies to 5 mills, the act of 1917 cited by counsel would afford injunctive redress at the timely invocation of the plaintiff. It has no application here.

The judgment is affirmed.