No. 25,004.

SCHOOL DISTRICT No. 38, Johnson County, *Appellant,* v. RURAL HIGH SCHOOL DISTRICT No. 6, and A. M. MYERS, F. M. PLAKE and D. M. ALDEN, *Appellees.*

SYLLABUS BY THE COURT.

1. RURAL HIGH SCHOOL DISTRICT—*Legally Established—May Not be Challenged by One of the Ordinary School Districts Included Therein.* The validity of a rural school district established under the statute providing for the organization of rural high school districts which included within its boundaries several ordinary school districts may not be challenged by one of the districts so included, even though the latter may itself have been conducting an accredited high school when the high school district was established.

2. SAME—*A School District Not Authorized to Question the Existence or Boundaries of Another School District.* While a school district may sue and be sued it is not authorized to bring an action questioning the existence, boundaries or validity of another school district. Such an action can only be brought in the name of the state by its duly authorized officers.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed May 10, 1924. Affirmed.

*S. D. Scott,* and *S. T. Seaton,* both of Olathe, for the appellant.
*Charles A. Stratton,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by school district number 38 to enjoin rural high school district number 6 from exercising any authority or jurisdiction over the plaintiff. The court sustained the demurrer to plaintiff's petition and defendants appeal.

The petition alleged that school district number 38 was a lawfully organized district, and for the last four years had maintained a high school in addition to its common school courses, and that its high school had been duly authorized and accredited by the state board of education. It is alleged that rural high school district number 6 has recently been organized, comprising thirteen or fourteen school districts including the plaintiff district, and is attempting to include and exercise jurisdiction over school district number 38. It is averred that a large majority of the electors of school district number 38 protested against the inclusion of that district within the limits of the rural high school district, and when the

election was held in the rural high school district the electors of district number 38 voted almost solidly against the establishment of the rural high school district.

There is an allegation that school district number 38 voted bonds in 1920 for the purpose of erecting buildings which were sold and are outstanding obligations of the district, and that from the proceeds of the bonds erected a large commodious high school and common school building sufficient in capacity to care for the high school and common school needs of the district for the next ten years, and has expended several thousand dollars in high school equipment which will be a great loss to the district if it is superseded by and included in the rural high school district.

It is further alleged that the rural high school, after its organization voted bonds in the sum of $150,000 upon the district, which will impose unjust and unnecessary burdens of taxation on school district number 38. It is further averred that a legal enumeration of the legal electors of the rural high school district had not been made; that the petition presented to the county commissioners of Johnson county for an election to establish the rural high school district did not properly describe the territory and give the boundaries of the district; that the notices did not set forth a true description of the territory comprising the district; that the petition did not state that the boundaries had been approved by the county superintendent and the county commissioners as the law requires; that the election notices were not posted by anyone having authority to post them, and that improper influences were used upon the voters to secure votes in favor of the organization of the rural high school district.

There is also an allegation that the organization of this high school district, including the plaintiff, will operate as a great and irreparable injury to plaintiff, and that plaintiff has no adequate remedy at law and is therefore entitled to an injunction to prevent defendant from exercising or attempting to exercise authority over the plaintiff as a part of the rural high school district.

The plaintiff discusses in an interesting way the question that an ordinary school district and a rural school district are separate entities each authorized to maintain an accredited high school, and that two such entities carrying on the same work cannot exist within the same territory. The legislature has control of school districts and has provided for the organization of rural high school

districts with boundaries which have met the approval of the board of county commissioners. There is no provision excluding from its boundaries an ordinary high school district which is carrying on an accredited high school. The only exception mentioned in the statute is that territory of an incorporated city containing a population of more than five hundred inhabitants shall not be included without the consent of a majority of the voters expressed at an election. A rural high school dstrict may be organized from territory lying partly in two or more counties, and when organized, officers may be chosen, taxes levied, bonds issued, buildings erected, equipments purchased and schools conducted according to a course of study prescribed by the state board of education. (R. S. 72-3501 to 72-3510.) In his petition, plaintiff states that rural high school district number 6 was organized, that it includes the territory of school district number 38, that the school district board are exercising or attempting to exercise authority over the territory of school district number 38, and that the rural high school district has voted bonds in the sum of $150,000, and is functioning as a district. The plaintiff, recognizing the organization and existence of the district, attacks its validity, contending that the boundaries established and the initiatory proceedings taken by the county commissioners and the county superintendent in organizing the district are invalid, and asking that the district be enjoined from exercising authority or jurisdiction over that part of the territory which composes district number 38.

The action being an attack on the validity of the rural high school district, the defendants challenge the right of the plaintiff to maintain it. It has been settled by a long line of decisions that the existence or validity of such an organization can only be questioned or attacked in an action brought by the state and prosecuted by the attorney-general or county attorney. (A. T. & S. F. Rld. Co. v. Wilson, 33 Kan. 223, 6 Pac. 281; Baelmear v. Hildebrand, 107 Kan. 419, 191 Pac. 263; Oil & Gas Co. v. Board of Education, 112 Kan. 737, 212 Pac. 900; Miller v. Barnard, 113 Kan. 631, 215 Pac. 1113; Elting v. Clouston, 114 Kan. 85, 217 Pac. 295, and other cases therein cited.) While a school district is a public organization with authority to sue and be sued, it has not been vested with authority to challenge the validity of another public municipality or corporation. That function is vested in the state to be prose-

cuted only by its authorized representatives. In this respect the school district is in the attitude of a private party and has been given no right to intervene in behalf of the state or to challenge the validity of another school district in an injunction proceeding. (*School District v. School District,* 45 Kan. 543, 26 Pac. 43; *School District v. Gibbs,* 52 Kan. 564, 35 Pac. 222.) As was said in *Schur v. School District,* 112 Kan. 421, 210 Pac. 1105:

"The state has provided its own officials, an attorney-general and a county attorney, to challenge the validity of corporate or quasi-corporate organizations in this state like cities, counties, townships, and school districts; and ordinarily it is no justiciable concern of private individuals that these public subdivisions and organizations of the state may have some infirmity in their organization." (p. 422.)

A law exists under which a rural school district could have been legally organized, an organization has been effected and while there may have been irregularities or illegal steps taken in its organization, it exists under color of law, is unchallenged by the state, and therefore not open to collateral attack, even if there be a constitutional defect in the act under which it was organized. (*Topeka v. Dwyer,* 70 Kan. 244, 78 Pac. 417; *Horner v. City of Atchison,* 93 Kan. 557, 144 Pac. 1010.) Plaintiff says that whatever authority the rural school district may have had as to its territory other than that included in district number 38, it has no authority over the plaintiff, and therefore plaintiff has a right to question the validity of the inclusion. The boundaries of the defendant as fixed do include the territory of the plaintiff, and an attack on the boundaries or a challenge of the jurisdiction of defendant over the territory of the district involves the integrity of the district, and that can only be litigated in a direct proceeding brought in behalf of the state by its proper officers. (*Topeka v. Dwyer,* supra.)

The judgment of the district court holding that the plaintiff is not entitled to maintain the action must be affirmed.

Hopkins, J., not sitting.