No. 26,155.

W. H. EULER, *Appellant,* v. ROSSVILLE DRAINAGE DISTRICT, E. G. GRISWOLD, L. R. HARTZELL and JOSEPH SCHENK, *Appellees.*

SYLLABUS BY THE COURT.

1. DRAINAGE DISTRICTS—*Persons Entitled to Challenge Existence.* The rule that only the state may challenge the existence of a governmental corporation or quasi-public corporation is applied in an action brought by an individual to enjoin the construction of ditches or drains over his property.

2. SAME—*Statutory Requirements—Injunction—Costs.* The proceedings examined, and *held,* (*a*) it was not error to enjoin the defendant from appropriating or taking plaintiff's property without first complying with the provisions of the statute with reference thereto; (*b*) it was not error to tax one-half the costs to the defendant.

Appeal from Shawnee district court, division No. 1; JAMES A. MCCLURE, judge.  Opinion filed April 11, 1925.  Affirmed.

*H. W. Euler, A. E. Crane, Fred S. Jackson, L. H. Euler,* and *B. F. Messick,* all of Topeka, for the appellant.

*James E. Larimer,* and *Eugene S. Quinton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.:  The plaintiff sought to enjoin the defendant drainage district from entering upon his land for the purpose of making or constructing ditches or drains.  A hearing was had, at which the plaintiff admitted the legal incorporation of the district, but also attempted to set up the claim that the original incorporation of the district was void because founded upon an invalid notice. The court held that the plaintiff could not question the legality of the organization of the district.  The plaintiff appeals.

It appears from the record that the Rossville drainage district has had an existence and functioned as such since 1905.  In the trial of the case this colloquy occurred:

"Mr. Quinton (for defendant): Is there any question upon whether this board is a duly organized board?

"Mr. Crane (for plaintiff): There isn't any question but what this drainage district was incorporated.

"The Court: Legally incorporated, you mean?

"Mr. Crane: Yes.

"The Court: Well, it is admitted—no denials that the defendants constitute a legally incorporated drainage board?

"Mr. Crane: A drainage board under the drainage laws of 1905."

Notwithstanding the admission, the plaintiff contends that the original notice, upon which the order incorporating the district was made, was void, and therefore that any and all actions and proceedings had by the defendant district are void and of no effect. He relies on the case of *The State, ex rel., v. Drainage District,* 116 Kan. 291, 226 Pac. 478, wherein it was held that the order of the board of county commissioners purporting to organize the district was void because based upon a void notice. That case is to be distinguished from the present one in that the proceedings were attacked in their inception and by the state. Here the district has had at least a *de facto* organization for a period of almost twenty years, and the legality of the organization is being questioned, not by the state, but by an individual. It has been so repeatedly held that private individuals may not maintain an action, the direct purpose of which is to question the validity of corporate or quasi-corporate organizations, that to discuss or enlarge upon the subject is useless. These are matters ordinarily within the province of the state acting through the attorney-general or the county attorney. (*Bealmear v. Hildebrand,* 107 Kan. 419, 191 Pac. 263; *Schur v. School District,* 112 Kan. 421, 210 Pac. 1105; *Oil & Gas Co. v. Board of Education,* 112 Kan. 737, 212 Pac. 900; *Miller v. Barnard,* 113 Kan. 631, 215 Pac. 1113; *Pfeifer v. Klug,* 114 Kan. 284, 219 Pac. 498; *Elting v. Clouston,* 114 Kan. 85, 217 Pac. 295; *Railway Co. v. School District,* 114 Kan. 67, 217 Pac. 296; *School Dist. No. 38 v. Rural High School District,* 116 Kan. 40, 43, 225 Pac. 732.)

But, it is argued, a drainage district does not have the attributes of a quasi-public or municipal corporation, and in support of the argument the plaintiff cites numerous authorities, which are either not applicable or not controlling here. Among others, he cites *Jefferson County v. Drainage District,* 97 Kan. 302, 155 Pac. 54. This case does not support his contention. It was there decided

that a drainage district organized under chapter 215 of the Laws of 1905 is a public corporation created by the legislature to perform public functions. In the opinion it was remarked, "The drainage district, like the county, is a quasi-public corporation, an arm of the state, created by the legislature to perform a function of government. It derives its authority to exist from the same source as does the county." (p. 303.)

The defendant has filed a cross appeal, in which he complains of a part of the court's judgment, which reads:

"It is further ordered by the court that the defendants be and they are hereby enjoined from appropriating or taking any property of the plaintiff for use by the district in widening, deepening or otherwise improving said natural watercourse beyond the original or former boundaries thereof to prevent the overflow thereof, without first complying with the provisions of the statute with reference thereto."

It is contended that the court exceeded its power in entering the order. In its answer the defendant alleged that in the performance of its work it was impossible to state whether any of plaintiff's real estate would necessarily be required or taken and appropriated by the widening of the watercourse, or how much, if any, damage might result to plaintiff's growing crops. The court, no doubt, took the view that plaintiff should have the protection afforded by the provisions of the order objected to. Under the circumstances we are unable to say that the court was in error.

It is also contended by the defendant that the court erred in taxing one-half the costs to the defendant. Under all the circumstances, this was not error.

The judgment is affirmed.

Harvey, J., not sitting.