No. 27,469.

The Board of County Commissioners of the County of Lyon, *Appellee,* v. A. S. Bernheisel, Charles E. Cook, John Morris, John Sleisher and J. H. Anderson, Supervisors of the Drainage Work of District No. 1 in Lyon County, *Appellants;* Township Board of Jackson Township, Lyon County, *Appellee.*

SYLLABUS BY THE COURT.

Drains — *Incorporation of Districts — Who May Question Regularity.* The state, and not the county, nor the township, is the supervisor of the regularity of proceeding for the incorporation of a drainage district, under a valid law.

Appeal from Lyon district court; Isaac T. Richardson, judge. Opinion filed March 12, 1927. Reversed.

*Lon C. McCarty,* of Emporia, *Justin D. Bowersock, Robert B. Fizzell* and *John F. Rhodes,* all of Kansas City, Mo., for the appellants.

*O. R. Stites, W. C. Harris, W. L. Huggins* and *O. S. Samuel,* all of Emporia, for the appellees.

The opinion of the court was delivered by

Harvey, J.: In this action the board of county commissioners of Lyon county seek to enjoin the supervisors of drainage district No. 1 of Lyon county from proceeding to carry on the functions of the defendant corporation. The grounds alleged for the injunction were the unconstitutionality of the statute (R. S. 24-601 *et seq.*) under which defendant undertook to incorporate, and, if the statute is valid, the lack of proper procedure to effect a valid organization. Jackson township, in Lyon county, intervened, seeking the same relief and for the same reasons as plaintiff. The defendants demurred to the petition for the reason that plaintiff has no legal capacity to maintain the action, and for the lack of sufficient allegations of fact. The demurrer was overruled. Defendants have appealed from that ruling.

In *State, ex rel., v. Drainage District*, ante, p. 191, this day decided, this court has held the statute in question to be valid. On the question of the regularity of the organization proceedings, it is sufficient to say that the state, not the county nor the township, is the supervisor of the regularity of municipal corporate organizations. Neither the plaintiff nor the intervener has legal capacity to question the regularity of such proceedings. See the following cases and authorities there cited: *Mason v. Kansas City*, 103 Kan. 275, 173 Pac. 535; *Drainage District v. Drainage District*, 104 Kan. 233, 178 Pac. 433; *Bealmear v. Hildebrand*, 107 Kan. 419, 191 Pac. 263; *Oil & Gas Co. v. Board of Education*, 112 Kan. 737, 212 Pac. 900; *Young v. Newbold*, 114 Kan. 86, 217 Pac. 269; *School District No. 38 v. Rural High School District*, 116 Kan. 40, 225 Pac. 732; *Euler v. Rossville Drainage District*, 118 Kan. 363, 235 Pac. 95.

The judgment of the court below will be reversed, with directions to enter judgment for defendants.