No. 37,791

WILLIAM RALPH SMITH, *Appellant,* v. THE CITY OF EMPORIA, ROY KRAMM, C. J. NEILL, and CHESTER MORRIS, Commissioners, and FRED NEVINS, City Clerk, and WALTER JOHNSON, City Manager, *Appellees.*

(211 P. 2d 101)

Opinion filed November 12, 1949.

*Everett E. Steerman* and *Elvin D. Perkins,* both of Emporia, argued the cause, and were on the briefs for the appellant.

*James W. Putman,* of Emporia, argued the cause, and *Richard Mankin,* of Emporia, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an injunction action in which a private individual seeks to question the validity of the annexation by ordinance of certain property to the City of Emporia, Kansas. The appeal is from a decree sustaining the defendant city's motion for judgment on the pleadings and taxing the costs of the proceeding against the plaintiff.

To clarify uncontroverted factual matters essential to a decision of the appellate issue involved it should first be stated (1) that on the 18th day of January, 1949, the governing body of the City of Emporia adopted, and thereafter duly published, ordinance No. 1681, whereby it attempted to extend the corporate limits of that city to include the property herein involved and therein described as Lots 85, 87, 91, 93 and 95 on Woodlawn Avenue in Woodlawn Park Addition to the City of Emporia, Lyon county, Kansas and (2) that such ordinance was enacted and such annexation attempted pursuant to and under the provisions of G. S. 1935, 12-502, which authorized and empowered the city to annex adjacent territory by ordinance when such territory had already been subdivided into lots and blocks.

Within thirty days after publication of the ordinance heretofore mentioned the plaintiff instituted this action by the filing of a petition in district court where he alleged in substance, among other things not here important, that his property was neither adjacent to the city nor subdivided into lots and blocks and that therefore the action of the city in attempting to annex it was *ultra vires* and the ordinance itself was void.

Other pleadings, including an answer by the defendants and a reply by the plaintiff, appear in the record but we are not concerned with them since the rule (see *Northington v. Northington,* 158 Kan. 641, 149 P. 2d 622; *Schlemeyer v. Mellencamp,* 159 Kan. 544, 156 P. 2d 879) is that a motion for judgment on the pleadings is tantamount to a demurrer, admits all facts well pleaded by the opposing party, and is only sustained when, notwithstanding such facts, it clearly appears the party making the motion is entitled to judgment.

The city's motion for judgment on the pleadings was sustained upon the single ground the plaintiff as a private citizen and the owner of the five lots in controversy within the territory sought to be annexed had no legal capacity to maintain the action.

Thus, since well pleaded allegations of the petition are to the effect the status of plaintiff's property is such that it does not come within the purview of the statute authorizing the city to annex territory by ordinance, it appears we have for decision the question whether, when the city has taken that action notwithstanding, the plaintiff as a private individual has legal capacity to maintain an action challenging the validity of the proceedings under which the city claims his property has been included within its corporate limits.

At the beginning of his argument in support of his position the trial court erred in sustaining the motion for judgment appellant recognizes the well established doctrine and admits that a private individual cannot collaterally attack the corporate existence of a municipal corporation. Our decisions on this subject are numerous but do not require specific citation since their force and effect is conceded. However, he insists that an entirely different rule prevails with respect to direct attacks upon the existence of such corporations and that in this jurisdiction they may be maintained by private individuals. Assuming, as he asserts, that his is a direct attack upon the validity of the involved annexation proceeding we believe he fails to grasp the full import of our decisions dealing with this particular subject.

Long ago, although the action sought to enjoin the collection of taxes and to that extent involved a collateral attack, this court took occasion to pass upon the rights of private individuals to challenge the corporate existence of municipalities. In *A. T. & S. F. Rld. Co. v. Wilson, Treas.*, 33 Kan. 223, 6 Pac. 281, pointing out that even though the action was of the character just noted it nevertheless involved the power of the school district to levy taxes for school purposes because of illegality in its organization, we held:

"Where a school district has been organized under a valid law, and is in the exercise of corporate powers, the validity of its organization cannot be questioned at the suit of a private party, nor in a collateral action, . . ." (Syl.)

And in the opinion said:

". . . The legality of the organization cannot be questioned in a collateral proceeding, nor at the suit of a private party. The organization cannot be attacked, nor any action taken affecting the existence of the corporation, except in a direct proceeding prosecuted at the instance of the state by the proper public officer . . .

". . . Whether these reasons, or any of them, moved the county super-

intendent to organize the district with so great an area, we cannot know; and whether they would be legally sufficient, we cannot determine in this proceeding.

"What we do decide is, that there exists a valid law under which the organization can be made; that a corporation has been created thereunder, and is in existence; and that if there were any irregularities or illegal action in its organization, either by reason of the boundaries established or otherwise, that it must be determined by a quo warranto proceeding brought by the state." (pp. 228, 229.)

Another decisive case, peculiarly applicable because of the similarity of the attack made by the plaintiff is *Railway Co. v. School District,* 114 Kan. 67, 217 Pac. 296. There the superintendent of public instruction had made an order undertaking to change the boundary of the school district so that it should include a portion of a large bridge owned by the defendant. The railway company filed suit in the nature of quo warranto asking—as here—that the attempted extension be declared a nullity and the school district be ousted from exercise of jurisdiction over the territory undertaken to be added. At page 68 of the opinion in that case we said:

". . . Moreover, whatever procedure is adopted the validity of the existence of a governmental corporation or quasi-corporation cannot be challenged in the courts by any one but the state, and this restriction applies where the matter in issue is the effectiveness of an attempted enlargement of its territory . . ."

To the same effect is *Elting v. Clouston,* 114 Kan. 85, 217 Pac. 295, where we held:

"Rule followed that private persons have no standing to question the legality of proceedings to organize a rural high-school district, nor to enjoin public officials from canvassing the votes cast at an election held pursuant thereto." (Syl.)

Still another case is *Euler v. Rossville Drainage District,* 118 Kan. 363, 235 Pac. 95. The plaintiff in that action sought to enjoin the drainage district from entering upon his land for the purpose of making or constructing ditches or drains and as ground for relief charged that the original incorporation of the district was void. We held:

"The rule that only the state may challenge the existence of a governmental corporation or quasi-public corporation is applied in an action brought by an individual to enjoin the construction of ditches or drains over his property." (Syl. ¶ 1.)

And at page 364 of the opinion said:

". . . It has been so repeatedly held that private individuals may not

maintain an action, the direct purpose of which is to question the validity of corporate or quasi-corporate organizations, that to discuss or enlarge upon the subject is useless. These are matters ordinarily within the province of the state acting through the attorney general or the county attorney. . . .”

Our decisions are not limited to public corporations of the kind involved in the preceding cases. Several of them deal directly with attacks on the corporate integrity of cities.

A leading case is *Chaves v. Atchison*, 77 Kan. 176, 93 Pac. 624. Chaves owned and resided upon a tract of land. The city attempted to annex the tract by passing an ordinance in due form which treated the tract as platted property. After enactment of the ordinance he brought an action for himself and others similarly situated in which he attempted to question the validity of the annexation of the territory to the city, claiming it was unplatted, and asked that the city and its officers be restrained from improving or controlling the streets of the addition, from exercising authority over it as a part of the city and from imposing city taxes on the land in question. The city demurred to his petition and the trial court sustained the demurrer upon the ground the corporate organization of the city, including the extension of its limits, could not be questioned in a collateral proceedings, nor at the suit of private parties. We upheld the trial court's action. In the opinion written by the former Chief Justice Johnston we said:

“. . . It is alleged, it is true, that the tract was not legally annexed, but there is undoubted jurisdiction in the mayor and council to make a legal annexation by the passage of an ordinance. An ordinance has been passed in fair form purporting to enlarge the boundaries of the city and making the addition in question a part of the city, and since that time the city has been exercising municipal authority over the addition and the people residing there.

“The validity of the corporate existence of the city, as originally organized or as reorganized by the extension of its boundaries, cannot be questioned by private parties. It has been held that the extension of corporate limits to include new territory, under statutory authority, is, in effect, a reorganization of the city; that the act of annexation involves the corporate integrity of the city and is not open to collateral attack and that its validity cannot be questioned by any party other than the state any more than can the validity of the original organization of the city. (*Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 471) . . . We are therefore not warranted in considering whether the steps taken to bring the tract of land into the city were legal or not. The objections which the plaintiff makes can only be considered in a direct proceeding prosecuted at the instance of the state by the attorney-general or county attorney.” (pp. 177, 178.)

And in the syllabus held:

"The validity of proceedings taken by city officers under statutory authority extending the corporate boundaries of a city so as to annex a tract of land can only be questioned in a direct proceeding prosecuted at the instance of the state by proper public officers. The case of *Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 417, followed." (Syl.)

Our decision in *Price v. City of McPherson*, 92 Kan. 82, 139 Pac. 1162, involves an action brought by a private individual to have it decided, first, that the city of McPherson was without authority to annex certain territory to the city as a part thereof; second, that the action of the mayor and council in the premises was null and void; third, that the city be enjoined from making certain contemplated improvements. Price contended that when the territory was annexed the city had no authority to annex it for the reasons he had not assented to the annexation and his land was not circumscribed by platted territory. In disposing of this contention the court followed the rule heretofore announced in *Chaves v. Atchison*, supra, and stated that whether Price's contention be true or not he had no right as a private individual to attack the proceedings incorporating the tract.

It is to be noted that in each of the last two cases from which we have quoted the rule announced in *Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 471, is followed and approved. Appellant points out that case deals with a collateral proceeding wherein the plaintiff sought to question the validity of annexation proceedings extending the corporate limits of the city of Topeka. Quite true. He then asserts that on such account the case does not support the trial court's judgment in the instant action. We do not agree. A close analysis of the opinion in such case reveals definite approval of the rule subsequently announced in *Chaves v. Atchison*, supra.

See, also, *Mason v. Kansas City*, 103 Kan. 275, 173 Pac. 535, where we held:

"The validity of proceedings taken by city officers under statutory authority, which proceedings extend the corporate limits of a city so as to annex a tract of land, can be questioned only in a direct proceeding prosecuted at the instance of the state by proper public officers." (Syl. ¶ 2.)

For other decisions applicable because they adhere to the same general rule in situations where private individuals have endeavored to challenge the legality of organization of school districts, see *Schur v. School District*, 112 Kan. 421, 210 Pac. 1105; *School Dist. No.*

*38 v. Rural High School District,* 116 Kan. 40, 225 Pac. 732; *Scamahorn v. Perry,* 132 Kan. 679, 296 Pac. 347; *Fortune v. Hooven,* 133 Kan. 638, 2 P. 2d 142; *School District v. Shawnee County Comm'rs,* 153 Kan. 281, 110 P. 2d 744.

Appellant advances numerous arguments, many of them plausible, as to why the courts should permit private individuals to attack the corporate integrity of a city. Most, if not all, of them have been considered and rejected in the decisions to which we have referred and for that reason require no specific discussion here. It suffices to say we find nothing in any of them which would justify us in repudiating the rule, founded on public policy and which has been the settled law of this state for far more than half a century, that they cannot do so. If the consequences resulting from its application are as dire as he would have us believe it is indeed strange that the legislature of this state, which has unquestioned power to authorize individuals to maintain actions of such character, has not seen fit at repeated sessions to grant them that privilege.

Another contention strenuously urged is that because the city exceeded the power conferred by the statute in annexing land which must be regarded as neither adjacent to the city nor subdivided in lots and blocks it lacked jurisdiction over his property and hence there was no valid annexation. All we hold is the appellant had no right to maintain the action. Once such a conclusion is reached we are no longer concerned with that question or others of a similar nature.

Appellant insists that *Stewart v. Adams,* 50 Kan. 560, 32 Pac. 122, and *Brown v. Junction City,* 122 Kan. 190, 251 Pac. 726, require a decision contrary to the one we have heretofore announced. Without laboring what was said or held in those cases it will be noted that the question of the plaintiff's lack of capacity to maintain the action was neither raised nor passed on. For that reason they are not decisive here. The same is true of *Eskridge v. Emporia,* 63 Kan. 368, 65 Pac. 694, not relied on by appellant but cited in 2 McQuillin "Municipal Corporations" 383, 3d Ed. § 7.43, as authority for the proposition that a void annexation proceeding may be challenged in an injunction proceeding instituted by a private individual.

In conclusion it should be stated we have not overlooked the many decisions from other jurisdictions cited by the astute and industrious counsel for appellant. Many of them are based on express statutory

authority granting private individuals the right here invoked. Others are from jurisdictions which adhere to a rule contrary to our own and which we refuse to follow.

Under our decisions the appellant has no legal capacity to maintain the action and the trial court did not err in sustaining the motion for judgment on the pleadings.

It follows the judgment should be and is affirmed.