## E. V. HOLMDEN *et al.* v. M. W. JANES.

1. EJECTMENT — *Fractional Interest — Erroneous Judgment.* In an action to recover the possession of a tract of land, where the plaintiff in his petition claims ownership and possession of only a three-fourths interest, and the evidence at the trial shows no greater claim, ownership or right of possession, *held*, judgment for the plaintiff for the possession of the entire tract erroneous.

2. PAROL CONTRACT, *Without the Statute of Frauds.* Where J. and H., partners, are in possession of a tract of land under a contract with G., G. at the time having only a contract of purchase, and G. is to receive title upon the payment of the full purchase-price, and then to convey to J. and H.; and afterward G.'s title is extinguished by non-payment of the purchase-money, and G.'s son becomes the purchaser of the land, who thereupon agrees with J. and H. to carry out the original contract made by his father with them; and thereupon H. purchases J.'s interest, paying therefor full value, and H. thereafter held exclusive possession of the premises, and afterward, with the full knowledge of G.'s son, H. made valuable improvements thereon and paid the taxes, *held*, such parol agreement, followed by possession and improvement, with knowledge, removes such contract without the statute of frauds and is binding upon G.'s son, and also binding upon the purchasers from G.'s son, with notice of H.'s possession and contract.

*Error from Wabaunsee District Court.*

THIS was an action in ejectment, brought by *Janes* against *Holmden*, to recover possession of the undivided three-fourths of lot 7, section 8, township 11, range 13. Plaintiff claimed title from the United States to the Atchison, Topeka & Santa Fé Railroad Company, and from the railroad company to Joseph D. Greer, and from Joseph D. Greer and wife to Noah Graves for the undivided one-half, and Joseph D. Greer and wife to Mary Greer and Martha Oliphant for the undivided one-half of lot 7, and Martha Oliphant and husband to Noah Graves for the undivided one-fourth, and an agreement to convey by Noah Graves to the plaintiff three-fourths of lot 7, and a conveyance by Noah Graves and wife to the plaintiff of the undivided three-fourths. These conveyances show a fee-simple title in the defendant in error, plaintiff below, for

the undivided three-fourths of lot 7. In opposition to this title the defendant below showed the following facts: That the A. T. & S. F. Rld. Co., in 1869, entered into a written contract to convey to Fielding Johnson and son. After several payments had been made under this contract, Johnson died, and George W. Veale, his administrator, conveyed the lands to James R. Greer. Greer took possession, and in October, 1873, he entered into a contract with Heman Janes and the defendant Holmden, plaintiff in error, who at the time were partners, whereby Greer agreed to sell and convey the land to Janes and Holmden in consideration of the payment of $190, and the conveyance of another piece of land to him. Janes and Holmden paid the $190, and took possession of the land under this contract. In 1876 James R. Greer made default in the payments to the railroad company on the contract between the company and Johnson and son, and the company brought an action to foreclose the contract, making Veale, the administrator of Fielding Johnson, then deceased, John Johnson the son, and James R. Greer, parties to the suit. The contract was foreclosed and the premises sold, and in September, 1878, the land was conveyed to the railroad company. In October of the same year the railroad company sold and conveyed the premises to Joseph D. Greer, the son of James R. Greer. After Joseph D. Greer purchased the land from the railroad company, Janes and Holmden went to Greer in relation to this land, and Greer agreed with them that he would carry out the contract made by his father with them, and would convey them the land. Upon the strength of this agreement Holmden bought Janes's interest in the land and entered into the exclusive possession thereof, and made improvements thereon, and paid the taxes; Janes and Holmden having been in possession continuously from the time of their contract with James R. Greer up to the commencement of this action. At the time Joseph D. Greer sold one-half of the land to Graves, Graves agreed that he would carry out Greer's contract with Janes and Holmden. It is also shown that Janes, defendant in error, was the son of Heman Janes,

and had full knowledge of the contract originally made between his father, Holmden, and James R. Greer, and knew of the arrangement between Joseph D. Greer and his father and Holmden, by which Joseph D. Greer agreed to carry out and perfect the contract made by his father with them; and also had knowledge that Holmden was in posession of the premises. Upon these facts judgment was rendered for the plaintiff *Janes;* and *Holmden* brings the case here for review.

*Wm. P. Douthitt,* and *A. H. Case,* for plaintiff in error.
*Waters & Chase,* and *A. Bergen,* for defendant in error.

Opinion by CLOGSTON, C.: The plaintiff in error now claims that this judgment is erroneous, upon two grounds: First, that the judgment was for the entire tract of land, when the plaintiff below only claimed and proved ownership of the undivided three-fourths; and second, that by reason of his contract with James R. Greer, and the subsequent contract with Joseph D. Greer to carry out the former contract, and the fact that after such contract he (plaintiff in error) purchased Janes's title and interest, paying full value therefor, and thereafter, with the knowledge of Greer, made improvements upon the land, that by reason of these facts he has an equitable title and interest in the land paramount to the rights of plaintiff Janes. In answer to this claim the defendant in error insists that the contract made with James R. Greer was entirely destroyed by reason of the foreclosure proceedings by the A. T. & S. F. Rld. Co., and in that sale all the rights of Greer, and the rights flowing through Greer were extinguished, and that the contract made by Joseph D. Greer to carry out that contract afterward was without consideration, and therefore void.

We are inclined to the former of these views. There is no serious contention but that this judgment was erroneous as to the undivided one-fourth of the land, and as to that the plaintiff below had no right, and the court below could not render judgment for that fourth; and in that respect the judgment

was wrong.   It is true that the proceedings of the A. T. & S. F. Rld. Co. to foreclose that contract against Fielding Johnson and son, and Greer extinguished whatever claim Janes and Holmden had to the land.   That contract was not of record, and there was nothing to notify the company that they claimed an adverse interest to Greer; and therefore, perhaps they were not necessary parties to that suit.   After the land was purchased by Joseph D. Greer, he agreed to carry out that old contract made by his father.   This he had a right to do.   His father had received $190, and a piece of land had been turned over to him under that contract; and when Greer made this contract with Janes and Holmden, and permitted Holmden to purchase Janes's interest therein at its full value, in good faith, relying upon this contract with Greer, and thereafter made valuable improvements upon the land, with Greer's knowledge, these facts we think would remove this contract from the statute of frauds, and was binding upon Graves and binding upon Janes, who had knowledge of the contract.   It is claimed that there is some evidence showing that Graves never consented to this arrangement, but we think the evidence is overwhelming that he did agree to this contract, and that he would carry it out; but if he did not, still we think he would be bound by the fact that Holmden was holding the adverse possession of the land.   He knew that Holmden was in possession, and with this knowledge he was bound to know at the time he purchased the land of Holmden's rights, whatever they may have been; and as to Janes, the defendant in error, there is no pretense but that he had full knowledge of the entire facts.

We are therefore of the opinion that the judgment of the court below was erroneous, and recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.