HARRIET McCULLOUGH v. JANET FINLEY.

No. 13,759.   (77 Pac. 696.)

69   705
76   892

SYLLABUS BY THE COURT.

1. PARTITION—*Parol Agreement—Parties to it Estopped.* Parties who have acquiesced in a parol partition of real estate, followed by exclusive possession, the payment of taxes, and the permanent improvement of the land, are estopped from questioning it as void under the statute of frauds.

2. ———— *Effect and Disposition of a Life-estate after Partition by Owners of the Fee.* The owners of a fee subject to a life-estate may make an agreement dividing the land in severalty before the termination of the life-estate.   Upon such partition the former cotenancy of the fee is at an end, and each one may then take title to the life-interest in his own portion and hold the entire estate adversely to the others.

3. ———— *Agreement by Minor is Valid unless Disaffirmed within a Reasonable Time.* An agreement to partition land made by a minor is voidable only, and becomes binding upon a failure to disaffirm within a reasonable time after majority.

45—69 KAN.

Error from Johnson district court; W. H. SHEL-
DON, judge. Opinion filed July 7, 1904. Affirmed.

*I. O. Pickering*, for plaintiff in error.
*Ogg & Scott*, for defendant in error.

The opinion of the court was delivered by

BURCH, J. : James McClaren died in 1869, leaving
a will devising to his widow a life-estate in the land
in controversy, consisting of an eighty-acre tract,
with remainder in fee to his daughters, the plaintiff
and the defendant. On March 16, 1874, these sisters
orally agreed to divide the land, the plaintiff taking
the south forty acres and the defendant the north
forty acres, and on the same day the widow conveyed
her interest in the respective tracts to her daughters by
separate deeds. The husband of the defendant was
also named as grantee in the deed to the defendant of
her share of the land.

The defendant took possession of her part of the
land, and has at all times since been in the actual
possession of it, claiming to be the owner ; has made
lasting and valuable improvements upon it ; has paid
all taxes assessed against it, and has received all the
rents and profits accruing from it since 1874. The
plaintiff lived on or near the tract deeded to her for a
few years and then sold it, keeping the proceeds as if
the land had been her own. She has known since
1874 that her sister claimed the exclusive right to the
north forty, and throughout the years made no claim
upon it of any kind until she commenced this suit, in
February, 1902. The devisee of the life-estate died
in 1888. The plaintiff now denies that her verbal
agreement and her conduct and the conduct of her
sister in reliance upon the agreement are sufficient to
exclude her from title to, and possession of, the land.

The courts have little forbearance toward claims so destitute of moral and conscientious quality. The statute of frauds was enacted to prevent, and not to foster, injustice, and the rule is settled in this state that possession, the payment of taxes, and permanent improvement under a parol agreement, with knowledge and acquiescence, remove the contract from the operation of the statute. (*Holmden v. Janes*, 42 Kan. 758, 21 Pac. 591; *Newkirk v. Marshall*, 35 id. 77, 10 Pac. 571; *Holcomb v. Dowell*, 15 id. 378.) Upon the same principle a parol partition acted upon in this case will not be disturbed. (*Crimmins v. Morrisey*, 36 Kan. 447, 13 Pac. 748; *Duffey v. Rafferty*, 15 id. 9, 13; 21 A. & E. Encycl. of L., 2d ed., 1137 *et seq.*)

It is said that the defendant's possession must be referred to the deed from her mother as life-tenant and that she could not hold adversely to her cotenant of the fee. This proposition ignores the agreement between the parties under which the land was divided between them, and under which the plaintiff surrendered all right to the defendant's portion. The cotenancy of the fee was then at an end. The plaintiff no longer held any estate in remainder in the defendant's part of the land, and the defendant was at perfect liberty to take title to the life-interest in her own portion and hold the entire estate adversely to the plaintiff.

At the time the agreement to divide the land was made, the defendant lacked a month of being of age. The contract, however, was voidable only and became binding when the defendant failed to disaffirm within a reasonable time after attaining majority. (Gen. Stat. 1901, § 4183.)

The case of *Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, 48 L. R. A. 257, 73 Am. St. Rep. 334, has no

application because the partition in this case was between owners of the fee, and not between life-tenants on one side and remainder-men on the other.

The findings of fact are assailed as unsupported by the evidence. In a few unimportant particulars the court may have embodied in its findings some facts which the record only suggests, but every fact essential to a judgment in favor of the defendant was abundantly sustained.

The facts relied on as an estoppel to the plaintiff's recovery were sufficiently pleaded, and the judgment of the district court is affirmed.

All the Justices concurring.