M. E. DYER v. SCHOOL DISTRICT No. 111, OF
SEDGWICK COUNTY.

No. 15,258.   (92 Pac. 1122.)

SYLLABUS BY THE COURT.

1. ATTORNEYS—*Appearance—Motion to Show Authority.*   Where
   a case has been fairly tried upon its merits the judgment is
   not open to attack upon the ground that the court denied a
   motion made by the losing party to require the opposing
   attorney to show by what authority he appeared.

2. STATUTE OF FRAUDS—*Oral Agreement—Valuable Permanent
   Improvements.*   Where the owner of a tract of land orally
   offers it to a school district as a site for a schoolhouse for so
   long as it shall be used for that purpose, and the district ac-

cepts the offer and builds a permanent schoolhouse on such tract, an equitable title and right of possession is thereby vested in the district.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed December 7, 1907. Affirmed.

*I. P. Campbell, J. Graham Campbell,* and *Ray Campbell,* for plaintiff in error.

*Dale & Amidon,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: In 1903 Mrs. M. E. Dyer brought an action against school district No. 111 of Sedgwick county to recover possession of an acre of ground upon which the schoolhouse stood. The petition merely alleged title and right of possession by the plaintiff and wrongful occupancy by the defendant. The answer was a general denial. The evidence developed a claim on the part of the district that in 1886 Mrs. Dyer had orally offered to give the ground in controversy as a schoolhouse site for so long as it should be used for that purpose; that the district had accepted the offer and erected a permanent building at a cost of $500; that thereby, although no deed or other writing was ever executed, the district had acquired an equitable title and the right of possession. The trial court submitted to the jury the question whether this claim was well founded in fact, instructing them that if so it was sufficient in law. A verdict for the defendant was returned, on which judgment was rendered, and the plaintiff prosecutes error.

When the case was called for trial the plaintiff moved that the attorney who appeared for the defendant be required to show his authority for such appearance, and asked leave to present evidence in support of the motion. The court refused to hear evidence and denied

the motion, and of this complaint is made.  Section 394 of the General Statutes of 1901 reads:

"The court may, on motion, for either party, and on the showing of reasonable grounds therefor, require the attorney for the adverse party, or for any one of several adverse parties, to produce or prove, by his own oath or otherwise, the authority under which he appears, and, until he does so, may stay all proceedings by him on behalf of the parties for whom he assumes to appear."

The statute also provides that the director shall appear for the district in all suits brought by or against it, unless other directions shall be given by the voters at a district meeting.  (Gen. Stat. 1901, § 6162.)  The plaintiff's husband was himself the director, and it may be assumed that he did not employ the opposing counsel.  The plaintiff may have been prepared to prove that no formal action in the matter had been taken at a school meeting or at a meeting of the district board. It is said in the defendant's brief that the school treasurer and clerk were present with the attorney who was acting for the district.  Under such circumstances the court may well have concluded that no reasonable grounds could exist for requiring him to show his authority to represent the district.  But even if the ruling were erroneous it could not have been prejudicial. It had no effect on the verdict.  The district was entitled to the best defense that could be made in its behalf, and if it received the benefit of the services of a lawyer who was not regularly authorized to act for it this would not justify setting aside the judgment.

The plaintiff assigns error with respect to the instructions given, but the controversy in this regard really turns rather upon what the facts were than upon what legal rights resulted from them.  We think the evidence warranted the jury in finding the facts to be as claimed by the defendant, and that the court correctly applied the law thereto.  An accepted oral offer to give land, followed by the making of valuable per-

manent improvements by the donee with the acqui-
escence of the donor, certainly vests in the former an
equitable title, whether or not it was intended that a
deed should be made. (*Flanigan v. Waters*, 57 Kan.
18, 45 Pac. 56; *Schwindt v. Schwindt*, 61 Kan. 377, 59
Pac. 647; *McCullough v. Finley*, 69 Kan. 705, 77 Pac.
696.)

The plaintiff further complains of the rejection of
her offer to prove that after the action was begun the
school district instituted proceedings to condemn the
land in question. It was shown, however, that these
proceedings were ended by virtue of an agreement
which included this provision: "The title to said prop-
erty and all rights and benefits by reason of the same
shall be and remain as if no condemnation proceed-
ings had ever been instituted." For this reason, if for
no other, the evidence was properly rejected.

Other assignments of error have been examined but
found not to warrant a reversal. They relate to the
admission of evidence and to the refusal to require the
jury to answer several special questions submitted by
the plaintiff. The testimony of witnesses as to what
took place at the meeting at which the site was offered
was unobjectionable, for it was shown that no record
of the proceedings had been preserved. The special
questions rejected related either to the matter of dedi-
cation, which was not in issue, to the condemnation
proceedings, evidence of which had been ruled out, or
to negotiations had between the plaintiff and the dis-
trict officers after the rights of the parties had become
fixed, which had no important bearing upon the result.

The judgment is affirmed.