SCHOOL DISTRICT No. 116 OF SEDGWICK COUNTY v. SCHOOL DISTRICT No. 141 OF SEDGWICK COUNTY *et al.*

No. 15,767.  (99 Pac. 620.)

1. SCHOOL DISTRICTS — *Parties — Control of Litigation.* Where an attorney appeared on behalf of a school district, and it was not shown that he was authorized by the school-district meeting to do so, it was said the director of the school district had full general authority to represent the district and control the action.

2. ——— *Attorneys—Substitution—Dismissal of Action.* The school board's motion to dismiss the action was allowed, but it was said the proper procedure would have been, when the attorney refused to comply with the director's wishes, to apply to the court for a substitution of attorneys.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed January 12, 1909. Dismissed.

*John W. Adams,* for plaintiff in error.

*S. B. Amidon,* and *D. M. Dale,* for defendants in error.

*Per Curiam:* This case is pending here upon a ruling of the district court of Sedgwick county sustaining a demurrer to the petition of the plaintiff in error.

Practically all of the material facts and questions of law which will remain to be litigated, should the decision of the lower court be reversed and the case remanded for trial, have been finally determined by the decision of this court in *School District v. Wolf,* 78 Kan. 805, 98 Pac. 237. In that case it was decided that the four sections of land which in this case it is sought to enjoin School District No. 141 from exercising jurisdiction over were lawfully detached from School District No. 116 and attached to, and made a part of, School District No. 141. Also, that all three of the school-district officers of School District No. 116, at the time of such detachment, resided in the detached territory, and that the detachment of such territory rendered each of the offices vacant *ipso facto* and authorized the county superintendent of Sedgwick county to fill the vacancies by appointment.

The two actions were commenced on the same day, July 2, 1906. The order of detachment was made by the county superintendent on May 14, 1906, and, on appeal to the board of county commissioners, was affirmed and became final June 6, 1906.

John W. Adams has appeared for School District No. 116 in both of these cases, in this court and in the court below, under written authority from what we will call the old school board of School District No. 116, that is, the board as it existed prior to the detachment, and

now asks to have this court review the decision of the
court below upon the demurrer to the petition.    The
new school board of School District No. 116, elected or
succeeding to officers elected at the annual school meet-
ing of such district, July 19, 1906, appears in this court
without an attorney and moves to dismiss this action,
and the motion is resisted by Mr. Adams.

The seventh provision of section 6127 of the General
Statutes of 1901 authorizes an annual school meeting
of a school district "to give such direction and make
such provisions as may be deemed necessary in rela-
tion to the prosecution or defense of any suit or pro-
ceeding in which the district may be a party."    Section
6162 of the General Statutes of 1901, relating to the
duties of a school director, provides:

"He shall appear for and in behalf of the district in
all suits brought by or against the district, unless other
directions shall be given by the voters of such district
at a district meeting."

Upon the showing made it does not appear that Mr.
Adams's appearance or employment in the case was
authorized by the school district meeting, or that any
provision has been made by any school meeting of the
district to prosecute the action.    It follows, therefore,
that the director has full general authority to represent
the district, and may control the action as fully as an
individual might control his own action.    The formal
way for him to proceed would have been, if Mr. Adams
would neither proceed according to his wishes nor con-
sent to withdraw from the action, to apply to the court
for a substitution of attorneys.    (See 20 Encyc. Pl. &
Pr. 1008.)    That the other present members of the
school board of School District No. 116 acted in unison
with the director does not lessen his authority.

If the effect upon the rights of the school district
were reasonably in doubt we should hesitate to recog-
nize the informal procedure.    But the question of the
right of School District No. 116 to tax the detached

territory for school purposes, which is the principal question in controversy herein, was finally determined adversely to the school district in our former decision, and that decision is, so far at least, *res judicata* as to School District No. 116. That district having no further right in the matter as to the detached territory, it is of no interest to it what other district has or assumes to exercise the right.

It is a matter of great public concern to both school districts involved in this action that fruitless litigation beween them should not be protracted.

The motion to dismiss the proceeding in error is allowed.