No. 45,522

John D. DeForest and Charles K. DeForest, *Appellants,* v. O. F. Herbert, H. L. Hiebert, and Ed. W. Navrat, Board of Commissioners of Marion County, Kansas; and Bill Meyer, Al Riffel, L. L. Hadsell, Albert Klenda and Leo Reid, Board of Directors of Hospital District No. 1 of Marion County, Kansas; and Burnace C. Powell, County Clerk of Marion County, Kansas, *Appellees* and *Cross-Appellant.*

(464 P. 2d 265)

Opinion filed January 24, 1970.

*Gaylord I. Maples,* of Peabody, argued the cause, and *Richard C. Morgan, Jr.,* of Peabody, was with him on the brief for appellants.

*Edwin G. Westerhaus* and *D. W. Wheeler,* of Marion, argued the cause, and *David W. Wheeler,* of Marion, was with them on the brief for the appellees and cross-appellant.

*Kent Frizzell,* attorney general, was on the brief *amicus curiae.*

The opinion of the court was delivered by

FATZER, J.: This action was filed by the appellants to enjoin the Board of County Commissioners of Marion County from establishing Hospital District No. 1, Marion County, pursuant to the Hospital District Act (K. S. A. 80-2178 *et seq.,* as amended). As the provisions of the Act were interpreted by the appellants, they were entitled to judgment holding the statute unconstitutional for the reasons alleged in their amended petition; as interpreted by the appellees, such a decree was not authorized. The district court agreed with the appellee's construction of the statute, and the plaintiffs have appealed. The appellees have cross-appealed from the district court's order denying their motion to dismiss the action upon the ground the plaintiffs were not proper parties and lacked legal capacity to maintain the action.

The parties will be referred to as they appeared in the district court.

The pertinent facts and proceedings are summarized. On February 26, 1968, and pursuant to K. S. A. 1967 Supp. 80-2180, petitions were filed with the Board of County Commissioners setting forth the boundaries and requesting the formation of Hospital District No. 1, Marion County. The petitions were signed by not less than 51 percent of the qualified electors of said proposed district who reside outside the limits of incorporated cities of the second class, and by not less than 51 percent of the qualified electors who reside within the corporate limits of cities of the second class within said proposed district.

On March 4, 1968, the plaintiffs, John DeForest and Charles K. DeForest, commenced this action in the district court pursuant to K. S. A. 60-907, and alleged they represented the taxpayers in the proposed hospital district and that they brought the action on their own behalf and on behalf of all other persons similarly situated. They alleged the defendant Board of County Commissioners had threatened to and was about to establish a hospital district in Marion County, the boundaries of which were shown by an attached map; that the defendant board claimed authority to establish said hospital district pursuant to 80-2178 *et seq.,* as amended, and that the said board had violated or would violate the plaintiffs' constitutional rights if such hospital district was es-

tablished for the reasons (1) the Hospital District Act unlawfully permits the taking of property arbitrarily and without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States; (2) that the Act and particularly Section 80-2180, as amended, unlawfully delegates legislative power to private individuals and to the defendant board in violation of Art. 2, Sec. 1, of the Constitution of Kansas; (3) that the Act permits the defendant board to establish corporate power in violation of Art. 2, Sec. 17 of the Constitution of Kansas, and (4) that the Act contains provisions which are ambiguous, arbitrary, capricious and unreasonable. The prayer was that the defendant board be enjoined from violating the plaintiffs' constitutional rights and from proceeding under the Hospital District Act.

On the same day, March 4, 1968, a hearing was held before the judges of the Eighth Judicial District sitting *en banc*, at Junction City, upon the plaintiffs' application to temporarily restrain the defendant board from acting upon the petitions to establish a hospital district. The temporary restraining order was denied. Later that same day, and at approximately 4:00 p. m., the Board of County Commissioners convened in Marion County, and pursuant to 80-2180 of the Act, as amended, considered the sufficiency of said petitions and found them to be regular and in due form as provided in the statute, and entered its order establishing said hospital district. The order declared the territory described in the petitions to constitute a public corporation and the inhabitants within such bounds to be incorporated as Hospital District No. 1, Marion County.

On May 23, 1968, the district court heard three motions. The first motion was filed by the defendants for judgment on the pleadings, which was overruled. The second motion, also filed by the defendants, sought dismissal of the action for the reason Hospital District No. 1 was established March 4, 1968, and the issues raised in the action were moot; further, that the plaintiffs' petition failed to state a cause of action or claim for relief because they were not proper parties to bring the action and were without legal capacity to maintain the same. The motion was overruled, and, as indicated, the Board of County Commissioners perfected their cross-appeal from that order. The third motion was filed by the plaintiffs and sought to amend their petition to include the Board of Directors of Hospital District No. 1, elected May 3, 1968, and the county

clerk of Marion County, as additional parties defendant, which motion was sustained.

Subsequently, and in accordance with the foregoing order, the plaintiffs filed their amended petition and made service upon all parties defendant to the action. The amended petition alleged the named plaintiffs represented the taxpayers in Hospital District No. 1, and that they brought the action on their own behalf and on behalf of all other persons in the hospital district similarly situated; that on March 4, 1968, the Board of County Commissioners of Marion County entered its order establishing and organizing Hospital District No. 1; that on May 3, 1968, the hospital district held its first annual meeting and elected five citizens to fill the positions as directors of said district; that the hospital district board was authorized to determine and fix an annual tax to be levied and to certify such rate of levy to the county clerk, and of the county clerk's duty to extend such rate of levy upon the taxable tangible property in the district for the purposes stated in the Act; that the defendants claim authority to establish, maintain, operate, levy and collect taxes pursuant to K. S. A. 80-2178 *et seq.*, as amended, and have violated or will violate the plaintiffs' constitutional rights in the manner and for the same reasons as alleged in the original petition. It was not alleged the defendants failed to comply with any procedural requirements of the Act, nor were there any allegations of fraud on their part, or of conduct so oppressive, arbitrary or capricious as to amount to fraud. The prayer was that the court determine the Hospital District Act to be unconstitutional and enjoin the defendants and all of them from violating the plaintiffs' constitutional rights and from proceeding under the Hospital District Act, further, that the county clerk be enjoined and precluded from collecting any tax from the plaintiffs based on said Act.

Issues were formed by the parties' pleadings, and on July 9, 1968, the case was tried to the district court sitting *en banc* at Marion, upon the parties' stipulation of facts. The district court made findings of fact and concluded the plaintiffs were proper parties to bring the action since they owned real estate within the designated hospital district which was subject to taxation for the support of said district. It further concluded that K. S. A. 80-2178 *et seq.*, as amended, did not unconstitutionally delegate legislative authority and the Hospital District Act did not violate Art. 2, Sec. 1, of the

Kansas Constitution and did not violate the due process clause of the Constitution of the United States, and was not ambiguous, arbitrary, capricious or unreasonable, and did not violate Art. 2, Sec. 17 of the Constitution of Kansas. Based upon its conclusions of law, the court denied the injunctive relief prayed for.

Thereafter, both parties duly appealed to this court; the plaintiffs from the court's judgment that Hospital District No. 1, Marion County, was constitutionally organized under the Constitution of Kansas and the Constitution of the United States, and the defendants from the court's order adjudging the plaintiffs' petition stated a cause of action or claim for relief, and that they were proper parties and had legal capacity to maintain the action.

As the issues are here presented, the only question necessary to be decided is whether the plaintiffs were proper parties to attack the legality of the organization of the hospital district. For reasons hereafter stated, we conclude they were not.

As indicated, the district court concluded the plaintiffs were proper parties to bring the action since they owned real estate within the hospital district which was subject to taxation for the support of the hospital. However, the plaintiffs' action was filed pursuant to K. S. A. 60-907 and their original and amended petitions directly attacked the constitutionality of 80-2178 *et seq.* as amended, under which Hospital District No. 1 was organized. There were no allegations of fraud on the part of the defendants, or of conduct on their part which was so oppressive, arbitrary or capricious as to amount to fraud, nor was it alleged that any tax levied by the district was unlawful in any manner, and, as the district court's memorandum decision states, the sole question presented by the action was "the constitutionality of Section 80-2178 of the Kansas Statutes, Annotated."

Section 60-907 is the successor to G. S. 1949, 60-1121, and its provisions follow those of the latter statute except they have been paragraphed for clarity and somewhat condensed and simplified, but no change of procedure or substance was intended. (*Schulenberg v. City of Reading,* 196 Kan. 43, 48 P. 2d 324.) The statute grants to individuals the right of injunctive relief to enjoin the illegal levy of any tax, charge or assessment, or any proceeding to enforce the same, or to enjoin any public officer, board or body from doing any act not authorized by law that may result in the creation of an additional levy of a tax, charge or assessment, and authorizes any

number of persons whose property is or may be affected, or whose taxes may be increased, to join in the petition for injunction.

Our decisions which have construed the provisions of G. S. 1949, 60-1121, authorize individual taxpayers to make direct attacks on illegal levies, but limit the actions to those which admit corporate existence of the taxing district or municipality which levied the taxes. The point was fully covered in *Bishop v. Sewer District No. 1,* 184 Kan. 376, 336 P. 2d 815. There, individual taxpapers sought an injunction to enjoin the sewer district and its officers from levying a proposed tax on their property, and, as here, they directly attacked the constitutionality of G. S. 1957 Supp., 19-2787 *et seq.* under which the sewer district was organized. It was held:

"An action questioning the validity of the proceedings of a board of county commissioners in incorporating a sewer district under the provisions of G. S. 1957 Supp., 19-2787 *et seq.* cannot be maintained by a private individual. Such an action can only be prosecuted at the instance of the state through its proper officers.

"The provisions of G. S. 1949, 60-1121 do not grant to private individuals as taxpayers, or otherwise, the right to maintain an action challenging the legality of the organization of a quasi-municipal corporation or the modification of its boundaries." (Syl. ¶¶ 1, 2.)

and in the opinion it was said:

"It has long been the established rule in this jurisdiction, as elsewhere, that the legality of the organization or reorganization of a municipal corporation cannot be questioned in a collateral proceeding or at the suit of a private party. Actions to inquire into the validity of proceedings creating a municipal corporation or affecting the existence of the corporation may be prosecuted only in a direct proceeding by the state acting through its proper public officers. (Citations.)" (l. c. 379.)

\* \* \*

"Undoubtedly, 60-1121 grants individuals the right to enjoin the levy or collection of illegal taxes, or to enjoin illegal acts which may result in the creation of any public burden or the levy of any illegal tax. It is clear that 60-1121 is limited to attacks which admit the fact of corporate organization and does not grant private individuals the right to attack the existence or organization of the municipal corporation whose acts are directly challenged. Provisions substantially similar to 60-1121 are found in the Kansas statutes as long ago as G. S. 1868, Ch. 80, § 253. With these provisions on the books our decisions have been uniform in denying taxpayers the right to question the legality of the organization of municipal corporations in actions brought to enjoin the levy or collection of taxes. (Citations.)" (l. c. 380.)

\* \* \*

"In view of the foregoing, we are of the opinion that plaintiffs were

without legal capacity to attack the legality or regularity of the organization of the sewer district . . .

"Plaintiffs were also barred from challenging the constitutionality of G. S. 1957 Supp., 19-2787 *et seq.* for the same reason. *It is clear that a challenge to the constitutionality of the basic law by which a municipal corporation is organized is an attack on the legality of the organization of the district which, as has been demonstrated, is beyond the capacity of an individual litigant to challenge . . .*" (l. c. 381.) (Emphasis supplied.)

This court has construed the provisions of 60-907 to the same effect as it previously construed the provisions of G. S. 1949, 60-1121, that an individual taxpayer may avail himself of the injunctive remedy to question the right to levy or enforce a tax because of some lack of valid legislative authority, or unlawful acts under a valid statute, or because action under a valid statute is so arbitrary, capricious, unreasonable and subversive of private rights as to indicate a clear abuse rather than a *bona fide* exercise of power, but he cannot use it to test the existence or organization of a political subdivision or municipality either *de jure* or *de facto* which is functioning as a corporate entity. It was specifically held in *Schulenberg v. City of Reading,* supra, that 60-907 does not grant individual taxpayers the right to question the legality of corporate existence of political subdivisions or municipal corporations in actions brought to enjoin the levy or collection of taxes. See, also, *Babcock v. City of Kansas City,* 197 Kan. 610, 612, 419 P. 2d 882; *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 436 P. 2d 982, Syl. ¶ 10; *Mullins v. City of El Dorado,* 200 Kan. 336, 340, 436 P. 2d 837, Syl. ¶ 1; *Harshberger v. Board of County Commissioners,* 201 Kan. 592, 442 P. 2d 5, Syl. ¶ 3.

Upon the establishment of the hospital district, the territory and the inhabitants residing therein and their successors constituted a body politic under the corporate name of Hospital District No. 1, Marion County. (80-2178 *et seq.,* as amended.) In a legal sense, the hospital district was a political subdivision or quasi-municipality and had the right to sue and be sued, enter into contracts, adopt budgets, levy taxes, and exercise many other powers with respect to the construction, maintenance and operation of a public hospital. In substance, the amended petition alleged the district was a functioning corporate entity, and its corporate existence was not subject to attack by the plaintiffs under 60-907 and their attempt to challenge the constitutionality of the basic law by which the district was organized may not be maintained. (*Bishop v.*

*Sewer District No. 1,* supra; *Schulenberg v. City of Reading,* supra.) Such an action must be prosecuted by the state acting through its proper officers. (*Babcock v. City of Kansas City,* supra.)

Other points have been raised by the parties, but in view of what has been said and held, it is unnecessary to discuss and decide them. The judgment of the district court is reversed as to the appellees' cross-appeal with directions to dismiss the action.

It is so ordered.

FONTRON, J., dissents.