No. 45,842

The Unified School District No. 335, Jackson County, Kansas, *Appellant*, v. The State Board of Education of Kansas and Its Legal Predecessor, Murle M. Hayden, The State Superintendent of Public Instruction of Kansas, *et al.*, *Appellees.*

(478 P. 2d 201)

Opinion filed December 12, 1970.

*John E. Bohannon*, of Topeka, argued the cause, and was on the brief for the appellant.

*Edward Collister*, assistant attorney general, argued the cause, and *Kent Frizzell*, attorney general, and *Gary L. Rohrer*, assistant attorney general, were with him on the brief for the appellees.

The opinion of the court was delivered by

O'Connor, J.: This action was instituted by Unified School District No. 335 to enjoin the enforcement of certain orders made by the state superintendent of public instruction transferring portions of plaintiff's territory to three other unified school districts. Plaintiff's right to maintain the action was successfully challenged in the lower court and constitutes the sole issue for determination in this appeal.

The legislature, with its plenary power over the establishment, alteration, and disorganization of school districts, delegated to the state superintendent the authority to transfer territory from one unified district to another after the filing of a petition and a hearing thereon, all in accordance with K. S. A. 1967 Supp. 72-6758 (now K. S. A. 1970 Supp. 72-7108). We gather from the record that the orders of the state superintendent now being questioned came about as a

result of petitions filed in April 1968 by the three defendant unified districts requesting that certain territory lying within the plaintiff district be transferred to them.

In its petition filed herein, plaintiff challenges the legality of the transfer orders on various grounds and alleges the actions of the state superintendent were arbitrary, capricious, and amounted to constructive fraud. Plaintiff asks that the orders be declared illegal and void, and that the transfer of any territory under the purported orders be enjoined. The petition, in effect, constitutes an attack on the validity of the reorganization of defendant unified districts as a result of the addition of territory from the plaintiff district.

Under the settled law of this jurisdiction, an action challenging the legality of the organization or reorganization of a municipal corporation can only be maintained by the state acting through its proper officers. Our many decisions in which we have steadfastly adhered to the rule may be found in *DeForest v. Herbert*, 204 Kan. 516, 464 P. 2d 265; *Babcock v. City of Kansas City*, 197 Kan. 610, 419 P. 2d 882; *Bishop v. Sewer District No. 1*, 184 Kan. 376, 336 P. 2d 815, and an extended discussion of the subject is deemed unwarranted here.

This court has never permitted a private individual to bring an action attacking the legality of the organization of a municipality or a quasi-municipal corporation such as a school district, *where the plaintiff's right to bring the action was properly challenged.* In this respect, a school district has no greater standing than a private litigant. While a school district may sue or be sued, it lacks authority to maintain an action questioning the boundaries or the validity of the organization of another school district. Such an action can only be brought in the name of the state by its duly authorized officers. (*School District v. Shawnee County Comm'rs*, 153 Kan. 281, 110 P. 2d 744; *School District No. 38 v. Rural High School District*, 116 Kan. 40, 225 Pac. 732; *School District v. Board of Education*, 102 Kan. 784, 171 Pac. 1154; *Cf., Wagner v. School District*, 138 Kan. 428, 26 P. 2d 588.)

In *School District No. 38 v. Rural High School District*, supra, a common school district attacked the validity of a rural high school district whose boundaries included the territory of the plaintiff district. In holding that plaintiff could not maintain the action, this court said:

"The action being an attack on the validity of the rural high school district, the defendants challenge the right of the plaintiff to maintain it. It has been settled by a long line of decisions that the existence or validity of such an organization can only be questioned or attacked in an action brought by the state and prosecuted by the attorney-general or county attorney. . . . While a school district is a public organization with authority to sue and be sued, it has not been vested with authority to challenge the validity of another public municipality or corporation. That function is vested in the state to be prosecuted only by its authorized representatives. In this respect the school district is in the attitude of a private party and has been given no right to intervene in behalf of the state or to challenge the validity of another school district in an injunction proceeding. (*School District v. School District*, 45 Kan. 543, 26 Pac. 43; *School District v. Gibbs*, 52 Kan. 564, 35 Pac. 222.)" (pp. 42-43.)

In attempting to sustain its position on appeal, plaintiff relies on *Board of Satanta v. Grant County Planning Board*, 195 Kan. 640, 408 P. 2d 655, and *State, ex rel., v. Mowry*, 119 Kan. 74, 237 Pac. 1032. Neither case, in our opinion, is helpful. The right of the school district to maintain the action was never challenged in *Satanta*. Although *Mowry* may lend support to plaintiff's claim for relief on the merits, the action there was instituted by the state acting through the attorney general rather than by the school district affected.

The judgment of the district court dismissing the action is affirmed.