(956 P.2d 1355)

No. 77,847

ROBERT CRIMMINS, HARVEY WOLLENBERG, EARL KRUSE, LEO JUENEMAN, and LOREN H. MUELLER, *Appellants*, v. HORSESHOE CREEK WATERSHED JOINT DISTRICT NO. 110 OF MARSHALL AND WASHINGTON COUNTIES, KANSAS, and RICHARD SCHOTTE, PRESIDENT, and NORBERT KLIPP, SECRETARY, *Appellees*.

Opinion filed April 17, 1998.

*Edward S. Dunn*, of Holton, for appellant.

*Edward F. Wiegers*, of Galloway, Wiegers & Heeney, L.L.P., of Marysville, for appellee.

Before BRAZIL, C.J., ELLIOTT and GERNON, JJ.

BRAZIL, C.J.: Plaintiffs challenged the legal incorporation of a watershed district in Washington and Marshall Counties. They filed suit in their individual capacities, but the district court granted the defendants summary judgment and ruled that the plaintiffs had no standing to challenge the incorporation. The court reasoned that K.S.A. 1997 Supp. 24-1207 only allows for such challenges by the Attorney General or the county or district attorneys. The plaintiffs argue that the district court incorrectly interpreted the statute.

We affirm.

The plaintiffs contend that contrary to the district court's ruling, they do have standing to attack the legal incorporation of the Horseshoe Creek Watershed pursuant to K.S.A. 24-1201 *et seq.*

The defendants counter by arguing that it is a well-settled rule that private individuals do not have standing to challenge the formation of a municipal corporation and that the specific statute governing the formation of watershed districts does not create an exception to that rule. The resolution of this issue requires statutory construction, which is a question of law. Over questions of law, our review is de novo. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

Watershed districts are governed by the procedures set forth in K.S.A. 24-1201 *et seq.* K.S.A. 1997 Supp. 24-1207 provides in part as follows:

"No action attacking the legal incorporation of any watershed district organized under this section shall be maintained unless filed within 90 days after the issuance of the certificate of incorporation for such district by the secretary of state, nor shall the alleged illegality of the incorporation of any such watershed district be interposed as a defense to any action brought after such time."

Although the plaintiffs concede that the general rule in Kansas is that the only parties authorized to challenge the formation of a municipal corporation are the Attorney General or the county or district attorney, they contend that the language in the above statute clearly and unambiguously authorizes private citizens to challenge the incorporation of a watershed district. G.S. 1949, 24-1207 (1959 Supp.) was amended in 1961 to add the 90-day limitation. L. 1961, ch. 193, § 7. The plaintiffs argue that the legislature must have intended to extend the right to sue to all interested parties through the addition of this language, which does not specifically restrict the right to challenge the incorporation of a watershed district to the Attorney General or to a county or district attorney. To further support their argument, they point to Attorney General Opinion No. 93-85, where it was stated that "[i]nterested parties may then take legal action attacking the validity of the incorporation within the 90 days." They also point to the letter from the Attorney General's office to plaintiffs' attorney where it was clearly stated that private individuals have the authority to challenge an election concerning the creation of a watershed district.

However, Kansas law is to the contrary. It is settled law in Kansas that a private citizen does not have standing to challenge the le-

gality of the organization of a municipal corporation. See, *e.g.*, *Bishop v. Sewer District No. 1*, 184 Kan. 376, 379, 336 P.2d 815 (1959); *Elting v. Clouston*, 114 Kan. 85, 86, 217 Pac. 295 (1923) (holding private citizens have no standing to question the legitimacy of the proceedings to organize a high school district nor enjoin a public official from canvassing the votes cast at an election held pursuant thereto); *A.T. & S. F. Rld. Co. v. Wilson, Treas.*, 33 Kan. 223, 6 Pac. 281 (1885); *Edgington v. City of Overland Park*, 15 Kan. App. 2d 721, 725, 815 P.2d 1116 (1991). The legality of a municipal corporation can only be challenged by the State acting through its proper officers. *Unified School District v. State Board of Education*, 206 Kan. 229, Syl. ¶ 1, 478 P.2d 201 (1970); *Smith v. City of Emporia*, 168 Kan. 187, Syl. ¶ 1, 211 P.2d 101 (1949). Although taxpayers may challenge illegal taxes, these actions are limited to those that admit the corporate existence of the municipal corporation. *DeForest v. Herbert*, 204 Kan. 516, 522, 464 P.2d 265 (1970).

Furthermore, there is nothing in the imposition of the 90-day limitation to suggest that the legislature intended to modify the longstanding rule barring private citizens from challenging the formation of a municipal corporation. If the legislature had wanted to extend standing to challenge the legality of a municipal corporation to all interested private parties, it could have said so. Contrary to the opinion of the Attorney General, the 90-day limitation on the time to sue only applies to those with standing to sue. The district court did not err as a matter of law in entering summary judgment in favor of the defendants, nor did it err in denying the motions for relief from judgment and order and the motion for amendment of fact and judgment.

Affirmed.