William A. Taylor, III Cowley County Counselor P.O. Box 731 Winfield, Kansas 67156
Dear Mr. Taylor:
As Cowley County Counselor, you request our opinion on the provisions of K.S.A. 2006 Supp. 19-3610 and you pose two questions:
 "1. Does K.S.A. 79-5040 suspend the five mill levy limit imposed upon rural fire districts?"
 "2. May a County under Home Rule Authority exempt fire districts from calling a special election to exceed the five mill levy limit due to the fact that K.S.A. 2006 Supp. 19-3610 appears to be non-uniform? More specifically, K.S.A. 19-3613 et seq. specifically [sic] deals with rural fire districts in Johnson County, Kansas."
In your opinion request letter you cite to two prior Attorney General Opinions that speak to these issues.[1] Based upon these opinions, you conclude that an election is required before a fire district can exceed the five mill levy limit and that county home rule authority may not be used to exempt a fire district from K.S.A. 2006 Supp. 19-3610. However, you also note that some fire districts have nevertheless exceeded the five mill levy limit without first conducting the election discussed in K.S.A. 2006 Supp. 19-3610.
K.S.A. 2006 Supp. 79-5040 states:
"In 1999, and in each year thereafter, all existing statutory fund mill levy rate and aggregate levy rate limitations on taxing subdivisions are hereby suspended."[2]
K.S.A. 2006 Supp. 19-3610 provides:
 "(a) The board of county commissioners each year shall levy an ad valorem tax on the taxable tangible property within each fire district in the county organized by virtue of this act, including or excluding such property within any city in each district as the case may be, as is required by the budget of each district. All proceeds of such levy shall be used to carry out the powers, duties and functions of the governing body of the fire district as specified in K.S.A. 19-3601a, and amendments thereto. Except as otherwise authorized by this section, the board of county commissioners shall not make a levy, in any year, in any fire district in excess of five mills upon the property in the district. Whenever a fire district has contracted with any other fire district, city or township or private entity within the vicinity of the district to furnish fire protection to the district, the board may make a tax levy which produces a sum not exceeding the amount payable to the other fire district, city or township or private entity under such contract during the budget year for which the tax levy is made.
 "(b) The board of county commissioners of any county, when authorized by a majority of the electors of any fire district voting at an election called and held thereon, may levy a tax of more than five mills but not more than seven mills in any year upon the property within such district. Such election shall be a question submitted election and shall be called and held in the manner provided for the calling and holding of elections upon the question of issuance of bonds under the provisions of K.S.A. 10-120, and amendments thereto."[3]
Does K.S.A. 2006 Supp. 79-5040 suspend the five mill levy limitimposed upon rural fire districts?
By its plain language, K.S.A. 2006 Supp. 79-5040 permits taxing subdivisions to exceed all existing statutory fund mill levy and aggregate rate limits.[4] Fire districts are taxing subdivisions.[5]
However, the power to exceed a mill levy limit does not automatically authorize a taxing subdivision to ignore other steps that may be required prior to increasing such limits. As noted in Attorney General Opinion No. 2002-36, the fact that the Legislature was aware of procedural and election requirements when it enacted K.S.A. 2006 Supp.79-5040, but did not likewise suspend related procedural requirements connected with levying a tax, evidences an intent to allow the electorate a means of challenging specific proposed tax increases.[6]
Thus, while K.S.A. 2006 Supp. 79-5040 authorizes a fire district to exceed the five mill limit set forth in K.S.A. 2006 Supp. 19-3610, there is no similar authority allowing that levy limit to be exceeded without first following the election procedures required by K.S.A. 2006 Supp.19-3610. It is therefore our opinion that in order to exceed the five mill levy limit imposed by K.S.A. 2006 Supp. 19-3610, the election procedures of that statute should be followed.
With regard to your stated concern that some fire districts may have already exceeded the five mill levy limit without first holding the election required by K.S.A. 2006 Supp. 19-3610, we note that the failure to follow the correct taxing procedures in the past does not necessarily mean that applicable laws should not be followed in the future; failure to follow the correct procedures for levying a tax can expose a taxing subdivision to challenges brought by impacted taxpayers.[7]
May a County under Home Rule Authority exempt fire districts fromcalling a special election to exceed the five mill levy limit due to thefact that K.S.A. 2006 Supp. 19-3610 appears to be non-uniform?
A fire district is a creature of statute and has only such power and authority expressly granted by the Legislature.[8] Fire districts are administrative agencies created by statute and their powers and authority are defined by authorizing statutes; any exercise of authority by a fire district must come from within the statutes.[9] Fire districts do not have home rule powers.
Counties possess home rule authority pursuant to K.S.A. 2006 Supp.19-101a. This statute allows a county commission to make decisions concerning county business. However, as expressed in Attorney General Opinion No. 80-89, county home rule powers do not allow a county to impact laws that govern a fire district. While county action triggers the creation of a fire district, once a fire district is created it is a separate and distinct taxing subdivision.[10] Thus, as stated in Attorney General Opinion No. 80-89, counties cannot exercise county home rule power in order to impact state laws governing fire districts.
In summary, while K.S.A. 2006 Supp. 79-5040 authorizes a fire district to exceed the five mill limit set forth in K.S.A. 2006 Supp. 19-3610, there is no similar statutory authority negating the election procedures required by K.S.A. 2006 Supp. 19-3610. Thus, any fire district that wants to exceed the five mill levy limit must follow the procedural steps set forth in that statute. K.S.A. 2006 Supp. 19-101a allows counties to exercise home rule powers in connection with governing county business. However, fire districts do not have home rule authority. They are taxing subdivisions separate and distinct from counties. Counties therefore cannot exercise county home rule power on behalf of fire districts in order to opt out of fire district statutes.
Sincerely,
 Paul J. Morrison Attorney General
 Theresa Marcel Bush Assistant Attorney General
PM:MF:TMB:jm
[1] Attorney General Opinions No. 2002-36 and 80-89.
[2] Emphasis added.
[3] Emphasis added.
[4] See also Attorney General Opinion No. 99-27 (libraries and library systems may exceed levy limits but are still required to follow statutory procedures for adopting budgets and assessment of tax).
[5] Attorney General Opinions No. 80-89 and 93-95.
[6] See also Attorney General Opinion No. 2002-44 (mill levy suspension for recreation districts does not negate requirement to hold an election on that issue).
[7] See DeForest v. Herbert, 204 Kan. 516 (1970), Syl. § 1 (individual taxpayer may use injunctive remedy to question right to levy or enforce tax because of some lack of valid legislative authority, or unlawful acts under valid statute, or because action under valid statute is clear abuse rather than bona fide exercise of power); Pratt v. Board of ThomasCounty Com'rs, 226 Kan. 333, 338 (1979) (taxpayers had standing to challenge validity of certificate of need in action brought pursuant to statute permitting injunctive relief to enjoin illegal levy of any tax, charge or assessment).
[8] In Re Petition of City of Shawnee for Annexation of Land,236 Kan. 1, 12 (1984).
[9] Attorney General Opinions No. 2002-27 and 2001-51.
[10] Attorney General Opinion No. 93-95.